BOLIN, Judge.
Plaintiff brought suit for damages for personal injuries and related special expenses allegedly caused by the driving of his automobile into a large hole where it struck a steel rail of a railroad spur track in Shreveport, Louisiana. It was alleged the accident occurred on a public street or alley where it intersects and crosses the spur track owned by Illinois Central Railroad Company. It was further alleged that Reed Distributing Company, Inc., owned a building with a loading dock to its rear, which dock was adjacent to the spur track; that on the day of the accident plaintiff was a business invitee of Reed’s; and that he was driving his car to the loading platform to pick up merchandise which he had purchased from Reed. Made defendants were Illinois Central, the City of Shreveport, Reed, and the latter’s insurer, Maryland Casualty Company. All defendants denied liability and alternatively filed special pleas of contributory negligence. *783 From judgment rejecting plaintiff’s demands he appealed. For reasons hereinafter expressed we find plaintiff guilty of contributory negligence and accordingly affirm the judgment of the lower court.
On the afternoon of April 16, 1970 plaintiff, accompanied by his wife, drove his automobile to Reed Distributing Company, a wholesale appliance distributor, located on Texas Avenue in Shreveport. He parked his car on Texas Avenue and entered the front door of the store. A. L. Jennings, vice-president of Reed, waited on plaintiff who selected and purchased the items he desired.
Jennings asked plaintiff if he knew how to get to the loading dock at the rear of the building. Plaintiff, having used the same route in November 1969, told Jennings he was slightly familiar with the route, whereupon Jennings advised him to drive to the loading dock. Plaintiff testified he knew the location of the spur tracks and that the surface of the area in the vicinity was “rough”. It was necessary for plaintiff to drive across the tracks, turn left and proceed to the dock in order to load his merchandise in his automobile.
Plaintiff said that as he drove into the alley he noticed it was almost completely covered with water for a short distance back from where the street ran into the railroad property. He also noticed water covered the surface of the railroad property up to at least the top of the rails on the spur track. Although he was uncertain whether the water was above the top of the rails he did say the rails were clearly visible to him as he approached the area.
Plaintiff estimated his speed as he was driving in the area at approximately IS miles per hour. He said his left front wheel dropped into a large hole near the first rail of the spur track and that the wheel then struck the rail, causing his vehicle to come to an abrupt stop which resulted in damage to his vehicle and personal injuries to himself. Plaintiff testified he got out of his vehicle and went inside the appliance store where he told his wife and Jennings about the incident, Plaintiff said Jennings came outside and observed the left wheel of his vehicle resting in a large hole adjacent to the steel rail.
Jennings testified he was certain that he did not view plaintiff’s vehicle while the left wheel was resting in a hole under water. He said the reason he was so positive in this opinion was that he knew he did not wade through water to get to the vehicle when he had gone out to the car to inspect the damage. He was of the opinion the vehicle had been moved because it was on dry land the first time he saw it. Jennings corroborated plaintiff’s testimony that water covered the surface of the alley or street for a few feet from the point of its intersection with the railroad property. He also said the area in and around the spur tracks was covered with water practically all of the time. He admitted the area was rough and had some holes in it.
Testimony of two other employees of Reed, as well as that of several other witnesses, relative to the condition of the surface in the area where the accident happened was essentially the same as that of Jennings.
Plaintiff, whose cause of action against the Reed Company is predicated on his status as a business invitee, alleges that in such capacity Reed owed him the duty of using ordinary care in seeing that he was not exposed to any unnecessary or unreasonable risks or danger in using the route necessary for him to traverse to reach the loading dock. In this connection it is contended Reed should have warned plaintiff of the dangerous conditions existing in the area.
Plaintiff’s cause of action against Illinois Central is also predicated on his assertion that he was an implied invitee since the company knew its property was being used by customers of. Reed as well as customers of several adjoining commercial establishments.
*784 Liability against the City of Shreveport is based upon the alleged negligence of the city in improperly maintaining the public street or alley involved.
Since plaintiff’s case against all defendants is based upon negligence, proof of contributory negligence will necessarily bar his recovery. Therefore, we shall state our reasons for finding that the pleas of contributory negligence should be sustained. In so holding we are mindful of the rule, well embedded in our jurisprudence, that contributory negligence is a special defense and the party relying thereon bears the burden of proving it by a preponderance of the evidence.
On this issue we find plaintiff was familiar with the route from the front of Reed’s store to the loading dock at the rear. He knew the area in the vicinity of the dock was rough. As he was proceeding along the street or alley toward the railroad company’s property he admitted seeing the surface of a portion of the street and the railroad property covered with water so deep that he could barely see the steel rails of the spur track. In spite of this obviously hazardous driving condition of the passageway to his front, and knowing it was necessary for him to cross the spur track, he was driving his car at an estimated speed of IS miles per hour when his left front wheel collided with the first steel rail. Further, we are not convinced the left wheel of plaintiff’s car was resting in a large hole. No one testified definitely as to the existence of this hole except plaintiff and his wife. However, assuming the hole was there, which we do not find to be the case, the striking of the steel rail at a speed of 15 miles an hour was the cause of the accident and resulting damages.
From our careful review of all the evidence we find plaintiff guilty of negligence which contributed to the accident and, accordingly, defendants’ pleas of contributory negligence are sustained. Having reached this conclusion, it is unnecessary for us to pass on the allegations of negligence of the defendants.
The judgment is affirmed at appellant’s cost.
AYRES, J., dissents.