322 So.2d 827 (1975)
Edgar MARTIN, Administrator of the Estate of Rickey Martin, Plaintiff and Appellant,
v.
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Defendant and Appellee.
No. 5118.
Court of Appeal of Louisiana, Third Circuit.
September 5, 1975.
Riddle & Bennett by John T. Bennett, Marksville, for plaintiff-appellant.
Doran & Kivett by William J. Doran, Jr., Baton Rouge, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
This is a suit for damages instituted by Edgar Martin, individually and as administrator of the estate of his minor son, Rickey. The defendant is the State of Louisiana, through the Department of Highways. Rickey was driving a Honda motorcycle *828 west on Louisiana Highway 451. He crested the top of a levee as he approached the intersection of Highway 451 and "cut-off road", which runs along the west side of the levee. Mr. Kress Marcotte, who was traveling in an easterly direction on the highway, was turning left onto "cut-off road", thus blocking Rickey Martin's lane of travel. Rickey applied his brakes and skidded 90 feet before colliding with the right rear of the Marcotte automobile. Young Martin, who was 15 years of age at the time, received serious personal injuries.
Plaintiff settled his claim against Marcotte, and now seeks further damages from the Department of Highways. Subsequent to the institution of this suit, Rickey Martin married and was thereafter substituted as a party plaintiff for some of the damages originally prayed for.
The trial court found that the Department of Highways was negligent but held that plaintiff was barred from recovery by his contributory negligence. We affirm.
The decisive issue is whether the plaintiff, Rickey Martin, was guilty of contributory negligence.
We are unable to say that the trial judge's finding of contributory negligence was erroneous. The basis for that finding was set forth in his written reasons for judgment as follows:
"The defendant Highway Department pleaded contributory negligence on the part of young Martin. He testified he was a little over fifteen years old at the time; that he lived in the vicinity of this intersection his whole life; that he was well acquainted with it; that he passed there almost daily, sometimes several times daily. It was in daylight hours; visibility was good; that he approached this levee from the east, on his motorcycle, and was travelling between twenty and forty miles per hour, according to him. And while it is true that the posted speed limit there is sixty miles per hour, it would be gross negligence, in the Court's opinion, to come over this levee on Highway 451 at sixty miles per hour. True, young Martin was not making that speed. But the skid marks he left and his inability to stop before hitting the Marcotte vehicle convinces the Court that his speed was about forty miles per hour or possibly more, rather than twenty miles per hour.
"It is and should be obvious to anyone of normal intelligence, who knows this intersection, that it is very dangerous; that one should proceed from the east, there on Highway 451, with the utmost caution. This intersection was there, in its obviously dangerous condition, for many years . . . since 1930, the Court believes. And for his entire life, certainly since his age of reason, this young man was aware of this danger. The Court concludes that young Martin was driving his motorcycle too fast under these conditions. His speed was negligence, under these circumstances, and was a contributory cause of the accident. The greater the danger the greater the care required, when one is cognizant of the danger."
A determination of contributory negligence is, for the most part, a factual determination which lies within the province of the trial judge. In the absence of showing that the judge committed manifest error, his determination will not be disturbed upon review. Canter v. Koehring, 283 So.2d 716 (La.S.Ct.1973); Bloodworth v. Bloodworth, 306 So.2d 812 (La.App., 3rd Cir. 1975).
Appellant urges, however, that the instant case should be controlled by several decisions by the courts of appeal and Supreme Court, among them Christ v. Department of Highways, 161 So.2d 322 (La.App., 3rd Cir. 1964); Hall v. Department of Highways, 213 So.2d 169 (La.App., 3rd Cir. 1968); Harkins v. Department of Highways, 247 So.2d 644 (La.App., 3rd Cir. 1971); Gayle v. Department of Highways, 205 So.2d 775 (La.App., 1st Cir. *829 1967); McCallum v. State, Dept. of Highways, 246 So.2d 46 (La.App., 3rd Cir. 1971); and Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909 (1956). In none of the cited cases, however, was it shown that the plaintiff was aware of the existence of the hazard in the roadway. While the general rule is that a motorist may assume that a road is safe for travel even at night, Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909 (1956); Odom v. Texas Farm Poducts Company, 229 So.2d 118 (La.App., 2d Cir. 1970), this rule does not apply where a motorist has actual knowledge of the defect or hazard, Bourgeois v. Louisiana Department of Highways, 255 So.2d 861 (La.App., 4th Cir. 1972); Geeck v. Jahncke Service, Inc., 249 So.2d 241 (La.App., 4th Cir. 1971).
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.