SMITH, Judge.
Glenn Spain, Sr., individually and as administrator of the estate of his minor son, Glenn Spain, Jr., sued the Caddo Parish School Board (hereafter, the School Board) and United Pacific Insurance Company for injuries sustained by young Spain as a result of the alleged negligence of the School Board. For reasons made part of the transcript, the trial judge sustained defendant’s plea of contributory negligence and granted judgment in favor of defendants rejecting the demands of plaintiffs. The latter parties appeal.
Young Spain was injured on July 18, 1974 when his car struck a manhole cover on the grounds of Northwood High School. Several different baseball teams in the Shreveport area had obtained permission from school officials to use the baseball field at Northwood High School for practice sessions. It was customary for those attending practice or games at the field to drive their cars over the curb of the parking lot and cross a large grassy area to park near the playing field. It was uncontested by defendants that this was a general practice and that there was a distinct pathway for some distance where the grass had been worn away by the traffic.
At a point near the end of, and two to three feet to the side of, this pathway, there was a metal manhole cover that protruded from the ground. The estimates of how far above the ground the cover extended varied from five inches to 18 inches, but suffice it to say it was high enough to catch the frame under Spain’s car. The testimony revealed that the general practice was for the drivers to proceed to a point just beyond the manhole cover and then “fan *498 out”, or leave the well-worn, path and proceed to the various parking areas.
The grass around the playing field, which is situated on a 60-70 acre tract, was generally six or seven inches high with clumps of Johnson grass up to U/^-2 feet high interspersed throughout. The grass around trees, stumps and other structures in the field, including the irianhole cover, was not cut as closely as other areas because of the difficulty of getting mowing equipment around the obstructions.
On the afternoon of the accident, Spain was attempting to leave the area following baseball practice. It was around 7:00 p. m. It was still light with darkness just beginning to fall. Spain backed his car up to avoid the baseball bleachers and then moved forward at approximately five miles per hour. He was moving towards the worn path when his vehicle struck the manhole cover and stopped abruptly. The sudden stop caused Spain to lurch forward, striking his mouth on the steering wheel. Five of his lower front teeth were sheered off, four of them very close to the gum. The nerves were exposed. The teeth were damaged so as to necessitate the subsequent extraction of all five.
Plaintiff contends that the School Board was negligent in one or both of the following ways:
1). in allowing the grass to grow unattended to a sufficient height to obscure the manhole cover; and
2). in failing to warn persons on the premises of the unsafe conditions.
Defendants deny that the School Board was negligent and, in the alternative, contend that young Spain was contributorily negligent in operating his vehicle in this area and/or in failing to keep a proper lookout. We affirm the judgment of the trial court.
We conclude a discussion of the culpability of the School Board is unnecessary in the case for we agree with the lower court that, under the circumstances, young Spain was guilty of contributory negligence which precludes recovery by plaintiffs.
Young Spain stated several times in his testimony that he knew the manhole cover was in the field and that he also knew it was in close proximity to the worn path. He stated that he had in fact seen the manhole cover many times. The area in which young Spain was driving was covered by high grass. He chose to leave the area most frequently traveled which had been worn down to a well-defined pathway and travel in another area which visibility was limited. He did not return to the pathway in the same manner that most drivers did nor, in fact, the way he himself had left it earlier on the day of the accident. These actions do not conform to those required of a reasonable man under the circumstances.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.