376 So.2d 1295 (1979)
Mrs. Jerrye Crawford RODGERS, as Natural Tutrix of the Minor Curtis Dayton Rodgers, Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF HIGHWAYS, et al., Defendants-Appellees.
No. 13936.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1979.
*1296 Stinson & Stinson, by Ford E. Stinson, Jr., Benton, for plaintiff-appellant.
DotdOffice of Highways, Marshall W. Wroten; Robert J. Jones; David K. Balfour; John W. King by John W. King, Baton Rouge, for defendants-appellees.
Before PRICE, HALL and JONES, JJ.
PRICE, Judge.
Plaintiff filed this suit on behalf of her minor son seeking damages for the wrongful death of the boy's father which occurred when the vehicle he was driving turned over after running off the paved portion of a state highway onto a low shoulder which had not been brought up to grade after the highway was overlaid. Finding the boy's father guilty of contributory negligence, the trial court rendered judgment in favor of defendant. Plaintiff appeals and we affirm.
This case was consolidated for trial with a suit brought by three passengers in the vehicle who were injured in the accident and on behalf of one other passenger who was killed. The judgment in that suit has already been reviewed by this court in Brandon v. State of Louisiana, Department of Highways, 367 So.2d 137 (La.App. 2d Cir. 1979). There we made the following findings of fact regarding the accident:
This case arises out of a one vehicle accident which occurred on Highway 157 approximately three miles west of Springhill in Bossier Parish in the late afternoon of July 11, 1975. The vehicle involved in the accident was a 1969 Ford Bronco owned and being driven at the time of the accident by Dayton Rodgers. Passengers in the Bronco were Jerry Lee Brandon, James S. Felknor, William D. Curry and Robert S. Felknor.
The modified 1969 Ford Bronco was towing a fishing boat on a trailer. The accident occurred when the Bronco left the paved portion of the highway, ran off the shoulder to the right and turned over. The paved surface of the asphalt highway had been overlaid some five months previously, but the shoulders had not been *1297 brought up to the level of the roadway and there was a drop-off of several inches. There were some construction signs and low shoulder signs in the area. The driver was familiar with the highway and was aware that the shoulders were low throughout the seven mile length of the highway that had been overlaid. The posted legal speed limit on the highway was 55 miles per hour, but there was at least one 45 miles per hour advisory speed sign in the area.
Rodgers was driving in an easterly direction at a speed of 45 to 55 miles per hour. He was engaged in conversation with the passengers about fish baits and immediately prior to the accident took one hand off of the wheel as if reaching for a bait. At this time the vehicle veered from the paved portion of the highway onto the shoulder to the right. The driver made an effort to bring the vehicle back onto the highway, but the vehicle went out of control and turned over. Rodgers and Brandon suffered fatal injuries. The other three passengers were injured.
Rodgers, Brandon and James S. Felknor had been on a fishing trip on the day of the accident, drinking beer throughout the day. A blood alcohol test performed on the driver after the accident showed a blood alcohol content of .13.
In that case we found the highway department's failure to properly maintain the shoulder of the highway was a substantial cause of the accident. Consequently, the only issue on this appeal is whether the trial court erred in rejecting plaintiff's demands on a finding that the negligence on the part of the deceased driver was also a contributing cause of the accident.
In support of her contention that the trial court erred in this respect, plaintiff cites a recent Supreme Court decision. Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979). There the court held that a motorist who inadvertently drove her vehicle off the paved surface of a highway onto an improperly maintained shoulder should not be barred from recovery for injuries she sustained in the resulting accident due to her negligence in leaving the paved surface. In reaching this conclusion, the court employed the following analysis:
. . . Focusing on plaintiff's "substandard" conduct the question is whether the risk of injury from striking an unexpected, negligently maintained highway shoulder was a risk reasonably related to plaintiff's failure to drive entirely on the paved portion of the highway. We conclude that it was not. A motorist has a right to assume that a highway shoulder, the function of which is to accommodate motor vehicles intentionally or unintentionally driven thereon, is maintained in a reasonably safe condition. Conversely the Highway Department's duty to maintain a safe shoulder encompasses the foreseeable risk that for any number of reasons, including simple inadvertence, a motorist might find himself travelling on, or partially on, the shoulder. [emphasis added]
This case affords plaintiff no relief for two reasons. First of all, the deceased driver was familiar with the highway and was aware that the shoulders were low throughout the portion that had been overlaid. Although plaintiff contends this conclusion is not borne out by the record, we do not agree. The deceased was a long-time resident of the area. At the time of the accident he lived in Springhill and plaintiff, from whom he was legally separated, lived in Plain Dealing with their minor son. Plaintiff testified the deceased frequently visited the child in the months preceding the accident, and since Highway 157 is the only major thoroughfare between these two communities, the court could assume that he had traveled this highway during the five months preceding the accident. Furthermore, the record reflects the deceased had traveled this highway at least twice before on the day of the accident and the hazardous condition of the shoulder would have been clearly visible to him at that time.
Secondly, since the deceased was aware of the hazard, he had the duty to *1298 exercise a higher degree of care in traveling this highway than a motorist who might be unaware of the condition of the road. As previously noted, the deceased had been drinking beer all day and had a blood alcohol content of .13 at the time of the accident. His actions in driving the vehicle while his faculties were impaired by alcohol and allowing the vehicle to leave the paved surface of the highway in face of the known hazard presented by the low shoulder were a breach of his duty to exercise extreme caution, and under the circumstances do not constitute the type of "simple inadvertence" the court was faced with in Rue.
For the foregoing reasons, the judgment is affirmed at plaintiff's cost.