HOOD, Judge.
This suit was instituted by Billy Morrow to recover the damages he sustained when the front wheel of his automobile struck a hole in a hard surfaced area on or near a public highway. Mr. Morrow died while the suit was pending and his surviving widow and children were substituted as plaintiffs. The trial court rendered judgment in favor of plaintiffs against defendants, State of Louisiana, through the Louisiana Department of Highways, and Louisiana Paving Company, Inc. Plaintiffs’ claim against Louisiana Paving Company was settled by compromise agreement, but the remaining defendant, Department of Highways, appealed. We reverse.
The automobile was being driven by Morrow’s 17-year-old daughter, Kelly Regina Morrow, when the accident took place. One important issue presented, and we think the determining one, is whether the driver of the car was negligent, and if so, whether plaintiffs are barred from recovery by her contributory negligence.
The accident occurred about 9:30 p. m. on April 1, 1976, either within the right-of-way of Highway 167 or on the parking lot of a bowling alley which is located adjacent to the highway, in Jonesboro, Louisiana.
Serious issues are presented as to whether the mishap took place on the highway right-of-way and as to whether the Highway Department or its contractor was responsible for digging the hole which was struck by the Morrow car. It is not necessary for us to resolve those issues, however, because we have concluded that in either event the driver of the car was negligent and that plaintiffs thus are barred from recovery.
A heavy rain occurred just before the accident occurred, and the hard-surfaced area where the hole was located was flooded with water. Because of the water it was impossible for Miss Morrow to see the hole as she approached it in her father’s car. She stated that she entered the parking lot from Highway 167 at a speed of about 10 miles per hour, that she drove through the water in doing so, and that the front wheel of her car suddenly struck the hole while she was traveling through that water-covered area.
Miss Morrow also testified, however, that she was thoroughly familiar with that entire area and with the parking lot of the bowling alley. She said that she went to the bowling alley “maybe every day,” that she knew that there was a hole in the concrete surfacing at that particular spot, that the hole was located about two feet from a light post on the lot, that she usually entered the parking lot from the highway at that point, and that prior to this accident she had always been careful to avoid striking that hole because she knew that it would cause damage if a car ran into it. She stated that she, in fact, had driven onto the parking lot at about 7:30 p. m. that day, about two hours before this accident occurred, and that she had noticed and avoided striking the same hole in the paving at that time. A heavy rain occurred between that trip to the parking lot and her next visit to it about two hours later, at 9:30 p. m. She testified, however, that despite the fact that the area was flooded with water and she knew that the dangerous hole was there, she nevertheless drove her car onto the water-covered area, knowing that she would travel very close to the hazardous defect in the paved surface. She explained that she simply misjudged the location of the hole. Her recollection is that the light on the light pole, which was located about two feet from the hole, was burning at that time.
The driver’s mother, who visited the scene of the accident the next day, testified that the hole was located “right close to the telephone pole,” and that “it was flush with the telephone pole and in line with the barricades on up from it.” The driver’s sister, who was in the car with her when the accident occurred, confirmed the testimony of the driver, except that she felt that “the hole wasn’t that close to the light pole.” She stated that she knew that the hole was there before the mishap occurred, *DXII and that her sister drove “around the hole” about two hours before she allowed the car to strike it.
There is no suggestion in the record or in the briefs of counsel that the vision of Miss Morrow was obstructed in any way as she approached the site of the accident, except that the area was flooded with water.
LSA-R.S. 32:64 provides that “No person shall drive a vehicle on the highway within this state at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for the traffic on, and the surface and width of, the highway, and the conditions of the weather . . . ”
A motorist ordinarily has the right to assume that the highway on which he is traveling is clear and free from hidden defects. When he knows, however, that there is a dangerous defect or hazard in the roadway ahead which should be avoided for his own safety, he can no longer assume that the highway is safe for his travel. Coker v. Illinois Central Railroad Company, 267 So.2d 781 (La.App.2d Cir. 1972); Rodgers v. State of Louisiana, Department of Highways, 376 So.2d 1295 (La.App.2d Cir. 1979); Spain v. Caddo Parish School Board, 331 So.2d 497 (La.App.2d Cir. 1976); Barr v. State, through Louisiana Department of Highways, 355 So.2d 52 (La.App.2d Cir. 1978); Ardoin v. State, Department of Highways, 333 So.2d 412 (La.App.3d Cir. 1976); and Hailey v. LaSalle Parish Police Jury, 302 So.2d 668 (La.App.3d Cir. 1974).
We held in Coker, supra, for instance, that the plaintiff was barred from recovery by his own contributory negligence in driving his automobile over a water-covered public street, which crossed a dangerous railroad spur track, with the result that a front wheel of the car struck a steel rail on the track and caused him to sustain personal injuries. The evidence showed that the plaintiff was familiar with that route, that he knew that the street was rough, particularly where it crossed the track, and that it was necessary for him to cross that spur track even though it was practically concealed from his view by the water.
Recently, in Rodgers, supra, we concluded that the surviving son of a deceased motorist could not recover damages for his father’s death, because of the contributory negligence of his father in running off the paved portion of a highway. The evidence showed that the decedent was a long-time resident of the area, that he had traveled that highway frequently, having traveled over it at least twice on the day of the accident, and that he was aware of the fact that the shoulders were low and thus were hazardous along that stretch of the highway.
In Spain, supra, we rejected plaintiff’s claim for damages for injuries to his minor son, because we found that the son was negligent in allowing his car to strike a manhole cover located in a field covered by high grass. Although the grass concealed the manhole cover from the view of the driver, the evidence showed that the young driver knew that the manhole cover was in the field and that it was located close to the route he was traveling.
And, finally, in Barr, supra, we said: “Paul Spurlock, because of his familiarity with the location of the narrow bridge and knowledge that it was unsafe for two vehicles to pass on it simultaneously, should have approached the bridge at a slow rate of speed so that he could have brought his vehicle under control in the event he met traffic approaching from the other direction. Spurlock was not entitled to assume the road was safe to travel because he had actual knowledge of the hazardous bridge. Martin v. State, Dept. of Highways, 322 So.2d 827 (La. App.3rd Cir. 1975). His failure to maintain control of his vehicle under these circumstances was negligence which contributed to the accident.”
Considering the rule which was applied in the above cases, and assuming for the purpose of this suit that the defect in the hard-surfaced area was located within the right-of-way of the highway, we conclude that Miss Morrow, the driver of plaintiffs’ car, was negligent in driving over the *DXIII water-covered surface of that right-of-way-in the immediate vicinity of the dangerous hole which she knew was there, without taking adequate precautions to avoid striking that hole. Her negligence in that respect was imputed to her father, the original plaintiff. She and the other plaintiffs, as the survivors of her deceased father, thus are barred from recovery by her contributory negligence. We think the trial judge erred in holding that she was free from contributory negligence.
The judgment appealed from is reversed insofar as it condemns the State of Louisiana, through the Department of Highways, to pay damages, interest or costs, and judgment is hereby rendered in favor of defendant, State of Louisiana, through the Department of Highways, rejecting plaintiffs’ demands against that defendant. The costs of this appeal are assessed to plaintiffs-ap-pellees.
Reversed.