JASPER E. JONES, Judge.
Defendants, the Department of Transportation and Development and J. T. Richardson, Co., Inc., appeal a judgment against them in solido in favor of plaintiff, Raymond Sepulvado, for damages sustained by plaintiff when he collided with an incomplete and unbarricaded bridge. The trial court found the accident was due to the concurring negligence of appellants and that plaintiff was not guilty of contributory negligence. We find that the plaintiff’s negligence contributed to the accident and reverse the judgment and reject plaintiff’s demands.
The accident occurred on US Hwy. 171 in DeSoto Parish, La. at a point where Richardson was building a bridge over Rambin Bayou pursuant to a contract awarded Richardson by the Dept, of Transportation. Richardson had commenced the work of replacing the bridge at the accident site in September, 1976. In 1977 a detour had been constructed in US Hwy. 171 around the bridge construction site. Richardson had placed, as directed by the Dept, of Transportation, a series of signs warning traffic approaching the construction site of the hazardous condition there existing. These signs were located both north and south of the construction site. The first of these signs located south of the construction site facing traffic proceeding north on Hwy. 171, which was the direction from which plaintiff approached the accident site, was located 2000 feet south of the bridge. This sign stated “Road Construction Ahead” and had installed thereon a flashing yellow light. At a point 1500 feet south of the bridge was a sign reading “Road Construction 1500 Feet”. At a point 1000 feet south of the bridge was a sign which read “Detour 1000 Feet”. There was located 750 feet south of the bridge a sign which read “25 MPH” on which was imprinted a zigzag emblem indicating a detour was being approached. Appellants herein also maintained directly across each end of the bridge, construction of which was nearing completion at the time the accident occurred, a barricade with a sign stating “Detour” with an arrow directing traffic to the detour.
On Sunday morning February 12, 1978, plaintiff left Shreveport traveling south on US 171 enroute to visit his mother in Zwolle. The bridge where the accident occurred is between Shreveport and Zwolle and plaintiff had his accident on his return trip to Shreveport from Zwolle. Plaintiff testified he observed a barricade located on the north end of the bridge as he proceeded south through the detour on the drive to his mother’s home, but that he did not notice whether there was also at this time a barricade located across the south end of the bridge.
At approximately 7:00 p. m. February 12, while returning to Shreveport from his visit with his mother in Zwolle, plaintiff, traveling north on US 171, crashed into the south end of the incomplete bridge. In this collision he sustained personal injuries and his vehicle was a total loss.
The trial judge found there was no barricade across the south end of the bridge at the time of the accident because it had been blown down by heavy winds which had occurred on Sunday, the date of the accident, or the night before, and the evidence supports this factual finding. The trial judge also found there were other signs located on the shoulder at other points but concluded the only effective warning was the barricade across the end of the bridge which had been blown down. The trial court found that appellants were jointly in control of the bridge and the barricade, and they were negligent in failing to maintain the barricade across the end of the bridge; *860 and for this reason they were liable in soli-do to plaintiff for his damages; the court also found plaintiff was guilty of no contributory negligence. There is substantial evidence in the record to support the trial judge’s conclusion that appellants were in joint control of the bridge and barricade, and that they were negligent in failing to maintain the barricade. However, our view of the evidence is that it also establishes that plaintiff is guilty of negligence.
Plaintiff, a resident of Bossier City, testified that he visited his mother in Zwolle once a month. For this reason we conclude he had been passing over the detour alongside the defective bridge at least twice each month for many months before the accident occurred. The record does not establish exactly when the detour was constructed, but it does establish that Richardson commenced to replace the old bridge in September, 1976, and that before the new bridge could be constructed it was essential that the detour be first constructed, and the detour was constructed in 1977. At the time of the accident construction of the new bridge was practically complete. A reasonable inference from this evidence would be that plaintiff had been traveling upon the detour for approximately 10 to 12 months before the accident occurred.
Plaintiff acknowledged that just before the accident he was traveling north toward the site of the detour and observed the sign located 1500 ft. south of the detour with the words “Road Construction” written upon it. Plaintiff stated at this point he was traveling 50-55 MPH and that he made no effort to reduce his speed. The investigating trooper found that plaintiff had left 209 feet of skid marks prior to the time his vehicle came to rest upon the bridge and that 88 ft. of these skid marks were located south of the bridge. These facts establish that though it was dusk, or very near dark, plaintiff observed the existence of the defective bridge in his headlights at a point far enough south of it to have activated his brakes when he was 88 ft. from it. While plaintiff denied seeing anything other than the 1500 ft. construction sign, the evidence establishes that there exists a sign requiring him to reduce his speed to 25 MPH only 750 ft. south of the bridge, and another sign warning him of the detour 1000 ft. south of the bridge.
This court in the decision of Weinberg v. State, Department of Highways, 220 So.2d 587 (La.App. 2d Cir. 1969), after discussing the failure of a motorist to observe and heed warning signs similar to those in place along US 171 south of the defective bridge, made the following statement:
“Such failure to observe these warnings and give them proper attention was clearly an omission of duty and constituted contributory negligence which bars recovery.” Id. at 592.
In our recent decision of Morrow v. State, 377 So.2d 430 (La.App. 2d Cir. 1979), wherein we found a plaintiff who ran into a hole with which she was familiar that was probably located on the highway right-of-way was guilty of contributory negligence, we reviewed many of the more recent cases from this Circuit which held that though a motorist is entitled to assume the road to be safe for traveling he is not entitled to indulge in this assumption when he has actual knowledge of a hazard in the roadway. The court’s discussion is as follows:
“A motorist ordinarily has the right to assume that the highway on which he is traveling is clear and free from hidden defects. When he knows, however, that there is a dangerous defect or hazard in the roadway ahead which should be avoided for his own safety, he can no longer assume that the highway is safe for his travel. Coker v. Illinois Central Railroad Company, 267 So.2d 781 (La. App. 2d Cir. 1972); Rodgers v. State of Louisiana, Department of Highways, 376 So.2d 1295 (La.App. 2d Cir. 1979); Spain v. Caddo Parish School Board, 331 So.2d 497 (La.App. 2d Cir. 1976); Barr v. State through Louisiana Department of Highways, 355 So.2d 52 (La.App. 2d Cir. 1978); Ardoin v. State, Department of Highways, 333 So.2d 412 (La.App. 3d Cir. 1976); and Hailey v. LaSalle Parish Police Jury, 302 So.2d 668 (La.App. 3d Cir. 1974).
*861 We held in Coker, supra, for instance, that the plaintiff was barred from recovery by his own contributory negligence in driving his automobile over a water-covered public street, which crossed a dangerous railroad spur track, with the result that a front wheel of the car struck a steel rail on the track and caused him to sustain personal injuries. The evidence showed that the plaintiff was familiar with that route, that he knew that the street was rough, particularly where it crossed the track, and that it was necessary for him to cross that spur track even though it was practically concealed from his view by the water.
Recently, in Rodgers, supra, we concluded that the surviving son of a deceased motorist could not recover damages for his father’s death, because of the contributory negligence of his father in running off the paved portion of a highway. The evidence showed that the decedent was a long-time resident of the area, that he had traveled that highway frequently, having traveled over it at least twice on the day of the accident, and that he was aware of the fact that the shoulders were low and thus were hazardous along that stretch of the highway.
In Spain, supra, we rejected plaintiff’s claim for damages for injuries to his minor son, because we found that the son was negligent in allowing his car to strike a manhole cover located in a field covered by high grass. Although the grass concealed the manhole cover from the view of the driver, the evidence showed that the young driver knew that the manhole cover was in the field and that it was located close to the route he was traveling.
And, finally, in Barr, supra, we said: ‘Paul Spurlock, because of his familiarity with the location of the narrow bridge and knowledge that it was unsafe for two vehicles to pass on it simultaneously, should have approached the bridge at a slow rate of speed so that he could have brought his vehicle under control in the event he met traffic approaching from the other direction. Spurlock was not entitled to assume the road was safe to travel because he had actual knowledge of the hazardous bridge. Martin v. State, Dept. of Highways, 322 So.2d 827 (La. App. 3d Cir. 1975). His failure to maintain control of his vehicle under these circumstances was negligence which contributed to the accident.’ ” Id. at 432.
Plaintiff here failed to maintain a proper lookout and observe all four of the warning signs that existed as he approached the detour. He saw one sign out of the four which advised him of the construction 1500 feet ahead and then took no action to reduce his speed and approach the construction site with caution. In addition to plaintiff’s failure to heed the posted warning signs, evidence establishes his familiarity with the detour and the hazards created by it because of his numerous trips upon it, including one trip which occurred only a few hours before the accident. All of these circumstances compel the conclusion that plaintiff was guilty of negligence which contributed to the accident.
We REVERSE the judgment in favor of plaintiff and now reject his demands at his cost.[1]

. We note the possible application of the doctrine of strict liability and LSA-C.C. art. 2317 as construed by the supreme court in Jones v. City of Baton Rouge, Etc., 388 So.2d 737 (La. 1980), could place liability upon appellants as custodians of the defective bridge even though they were guilty of no negligence in connection with the failure to maintain the barricade. Appellants, however, would not be liable to plaintiff on a cause of action asserted under LSA-C.C. art. 2317 if plaintiffs injuries were caused by his fault.
In Jones, supra, the court after outlining the elements of strict liability (custodian of a defective thing which causes plaintiff’s injury) which must be proved set forth the defenses to strict liability as follows:
“Once these elements are proved, the custodian can escape liability only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force.” Id. at 740 [our emphasis].
If Jones is here applicable, the failure of plaintiff, who was familiar with the hazard, to *862 maintain a proper lookout, see the warning signs and react to them and prevent the accident, constitutes fault of the victim and a defense to strict liability. Jones applied strict liability and found the City of Baton Rouge and East Baton Rouge Parish liable for damages sustained by plaintiff when she stepped upon a defective catch basin cover. The Jones rule may not apply to the appellants here who had in their possession an incomplete and defective bridge as an essential part of the Department of Transportation’s duty to maintain and improve state highways.