MARVIN, Judge.
Plaintiff appeals a judgment rejecting her demand for personal injury damages arising out of a trip and fall, contending that an allegedly “puckered” (wrinkled) *38 carpet is a defective thing imposing strict liability on its custodian under CC Art. 2317, Loescher v. Parr, 324 So.2d 441 (La.1975), and its progeny. We affirm.
For about six months before the accident, plaintiff had been a student in defendant’s business school which occupied premises on the first floor of a multistory Shreveport office building. Plaintiff tripped and fell on a small stairway leading from the lobby of the building to the premises leased by the business school. She stated that she used these steps twice daily and that she “had been noticing” the alleged puckers in the carpet from the time she “first started going” to school.
The evidence conflicted as to whether the carpet was “puckered” as plaintiff states and as to whether plaintiff explained and demonstrated to another that she fell because of a loose heel on one of the boots which she wore on that day. Additionally, we observe that the stairway is not a part of the premises leased to the defendant school.
The trial court did not make detailed findings of fact, but did observe that plaintiff had prior knowledge of the condition of the carpet. The trial court correctly relied on Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976), which held that a premises owner will not be found liable to a person on the premises who is injured when she falls as a result of a premises condition under her feet which was as obvious to her as it was to the premises owner. We must also presume that the trial court, in rejecting plaintiff’s demands, resolved all factual issues against plaintiff.
But even should we presume otherwise and assume to the contrary, arguendo, that the carpet was on defendant’s premises and was puckered as plaintiff says, and that the heel on her boot was not loose, the plaintiff does not prevail where she admits that she had been noticing the puckers for the six months she had been attending school before the accident. Once the elements establishing strict liability under CC 2317 are proved, the custodian of the defective thing may avoid that liability by showing that the injury was caused by the fault of the victim. See fn. 1, Sepulvado v. State, Dept. of Highways, 395 So.2d 858 (La.App. 2d Cir. 1981), citing Jones v. City of Baton Rouge, etc., 388 So.2d 737 (La.1980). Compare Marquez v. City Stores Co., 371 So.2d 810 (La.1979).
At appellant’s cost, judgment is AFFIRMED.