413 So.2d 954 (1982)
Andrea ENTREVIA
v.
A. E. HOOD, Jr.
No. 14725.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
Rehearing Denied May 25, 1982.
Douglas Curet, Hammond, for plaintiff.
Joseph H. Simpson, Amite, for defendant.
*955 Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
Plaintiff appealed from the dismissal of her suit for damages resulting from the collapse of concrete steps.
The issues are the strict liability of the defendant, the duty owed to a trespasser and the existence of an agency relationship between defendant and a caretaker.
Plaintiff was inspecting a rural house with her friend, Mrs. Dixon, who had informed plaintiff that she and her husband were intending to rent the house. They looked at the house from the outside, since they did not have a key. After Mrs. Dixon walked up the back steps to peer into the house and came back down, plaintiff attempted to do the same, but her leg went through the concrete steps. Torn ligaments around her knee required surgery.
The trial judge concluded that there was no rental agreement due to the lack of consent by the owner and that the plaintiff was aware the Dixons had no right of occupancy. The court found no unreasonable risk of harm to the plaintiff, particularly since the house was enclosed by a fence and there were "no trespassing" signs in the area.
Appellant first argues that the trial court failed to apply the proper test for strict liability under La.C.C.Art. 2317 and 2322.[1] To prove liability under La.C.C.Art. 2317, the plaintiff must show that the thing causing the damage is in defendant's custody, that the thing has a vice or defect and that the defect or vice caused the damage. Loescher v. Parr, 324 So.2d 441 (La.1975). Article 2322 imposes liability upon the owner of a "building," to persons injured through its "ruin," whether due to a vice in its original construction or through his neglect to repair it. A presumption of legal fault is created against the defendant, who may exculpate himself by showing the damage was caused by fault of the victim, by fault of a third person or by an irresistible force. Loescher v. Parr, supra.
Plaintiff proved that the steps were owned by the defendant, they were defective and the vice caused her injury. The defendant then had to absolve himself from liability.
Defendant alleges defenses of contributory negligence and assumption of the risk. Contributory negligence has been at times equated with "victim fault" as a defense to strict liability. See Dorry v. LaFleur, 399 So.2d 559 (La.1981); Stewart v. Sam Wallace Industrial Company, 409 So.2d 335 (La. App., 1981); Sullivan v. Gulf States Utilities Co., 382 So.2d 184 (La.App. 1st Cir. 1980), writ denied 384 So.2d 447 (La.1980).
Plaintiff testified that she noticed no cracks on the stairs except for a chip on the top step, but felt they were safe after seeing Mrs. Dixon use them. Mrs. Dixon testified that the steps were old and not in good condition. Although the trial judge indicated that he doubted the credibility of the plaintiff and Mrs. Dixon, the conflicting testimony which raised those doubts had nothing to do with the condition of the steps.
We find that defendant has not carried the burden of proving victim fault or contributory negligence. In the absence of any evidence that plaintiff was negligent in not observing the condition of the steps, we find that her actions did not constitute contributory negligence.
There was no evidence to support a finding that plaintiff had any subjective knowledge of the risk presented by the defective steps.
There are no allegations of or proof of fault of a third person or irresistible force.
Because of our finding, we need not consider the issues of the duty owed to a trespasser (see Cates v. Beauregard Electric *956 Cooperative, Inc., 328 So.2d 367 (La.1976) and of any possible agency relationship.
Defendant cites Harris v. Gulf States Utilities Co., 391 So.2d 1270 (La.App., 1st Cir. 1980) writ denied 396 So.2d 920 (La. 1981), as showing that defendant has acted reasonably under the circumstances. We find the case inapplicable. Plaintiff in that case urged that the landlord had breached his duty. The court did not reach the question of strict liability.
Plaintiff suffered a torn ligament in the knee area and had to undergo surgery. She subsequently wore a cast for approximately five weeks. Plaintiff recovered without complications, but was left with a ten per cent disability to the extremity. Plaintiff proved special damages in the amount of $2,285.75 and we find that $17,000.00 will adequately compensate the plaintiff for her general damages.
For these reasons, we reverse the trial court judgment. There is now judgment in favor of the plaintiff in the amount of $19,285.75. Defendant is cast with all costs of these proceedings.
REVERSED AND RENDERED.
NOTES
[1] La.C.C.Art. 2317:

"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."