CUTRER, Judge.
Gerald Lavergne appeals from a judgment of the trial court which dismissed his suit against the Department of Transportation and Development on the ground that Lavergne was barred from a recovery of damages due to his contributory negligence.
For the reasons assigned in the companion case of Albert Sinitiere Jr., et al. v. Gerald W. Lavergne et al., 381 So.2d 522 (La.App. 3rd Cir. 1979), in which a separate judgment is being rendered this date, we find that Gerald W. Lavergne was not guilty of contributory negligence that would bar his recovery against the Department of Transportation and Development (Department). Thus, the trial court judgment will be reversed.
Since the trial judge dismissed the demands of Lavergne against the Department, no damages were determined. We will, therefore, based on the record, which contains evidence of Lavergne’s injuries and medical expenses, award damages to Lavergne.
The record reflects that Lavergne was thrown from the van as a result of the collision. Lavergne was rendered unconscious shortly after the accident. He regained consciousness prior to being examined in the emergency room of Iberia Parish Hospital.
Dr. Elias treated Lavergne after Lav-ergne arrived by ambulance at the hospital. *529 His examination revealed that Lavergne had a severe, 6 inch long laceration of the left parietal area of his scalp from which Lavergne was bleeding heavily. On Lav-ergne’s left hand, there was a 1 inch long laceration between his thumb and index finger. These lacerations were sutured by the doctor. Lavergne had multiple abrasions on his lower extremities. It was found by X-rays that Lavergne had an un-displaced fracture of the second and third left transverse process of the lumbar vertebra. He also suffered a cervical strain and a mild brain concussion. Lavergne remained in the hospital from May 19 through 21, 1977. Dr. Elias stated that the wounds were healing well while Lavergne was hospitalized.
Lavergne also saw Dr. William I. Smith. Dr. Smith testified by deposition that he saw Lavergne on May 26, 1977. Lavergne was wearing a cervical collar that had been prescribed by Dr. Elias and complained of neck and back pain. Examination revealed stiffness in the neck and the mid-back. The pain was aggravated by motion. Lavergne also complained of a headache which had existed since the accident. The examination of the sutured wounds revealed that they were healing. Dr. Smith’s deposition corroborates the injuries found by Dr. Elias, though no mention was made of the’fracture of the second and third left transverse process of the lumbar verebra. Dr. Smith saw Lavergne again on June 2, 1977. Lav-ergne still complained of neck pain and headaches, but his back was improved. He was still wearing the cervical collar. Dr. Smith determined that there was a slight impairment of the extension of the neck and subjective complaints of aggravation of pain when Lavergne turned his head. Dr. Smith recommended, and Lavergne received, physical therapy for his neck. This therapy included deep ultra sound therapy and then several days later, intermittent cervical traction.
This therapy program was continued until June 6, 1977. At that time, Lavergne had improved considerably though he still was experiencing some pain in his neck and right shoulder. There remained a slight impairment of forward flexion and extension of the upper neck. Therapy was lessened to two or three times a week. On June 16, 1977, Dr. Smith suggested that Lavergne could return to his job on the following Monday, June 20,1977, on a limited basis. He was to do no heavy lifting.
Therapy continued until June 29, 1977, at which time Lavergne had completed a range of motion with no symptoms of pain. On the last visit to Dr. Smith on July 1, 1977, Lavergne reported no discomfort in his head or neck. He did not complain of headaches on or after June 16, 1977. The wound to the left hand healed without complication.
On' May 27, 1977, Lavergne visited the emergency room of Lafayette General Hospital complaining of tingling in his right hand, weakness, sensation of internal warmth and irregular breathing. These symptoms had appeared suddenly and subsided while he was at the hospital. The problem was diagnosed by Dr. Smith as an anxiety attack but with a remote chance that it was a reaction to pain medication. He was not prepared to express an opinion as to the cause, but did indicate it possibly could be related to the accident.
Lavergne was unable to work for approximately four weeks, which included 21 working days. His rate of pay was $3.00 per hour and he worked eight hours per day.
We will award for the general damages of pain and suffering the sum of $10,000.00. Special damages for medical expenses are stipulated to be $1,297.77. Lost wages are to be awarded in the amount of $504.00.
For the reasons assigned above and in the companion case of Albert Sinitiere, Jr. et al. v. Gerald W. Lavergne et al., we reverse the judgment of the trial court dismissing Gerald Lavergne’s demands, as plaintiff, against the State of Louisiana through the Department of Transportation and Development in this case. It is now ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Gerald Lavergne, and against defendant, State of *530 Louisiana Through the Department of Transportation and Development, in the amount of $11,801.77, with legal interest from date of judicial demand until paid. Defendant is cast for all costs, both in the trial court level and on appeal.
REVERSED AND RENDERED.
FORET, J., concurs and assigns written reasons.
DOUCET, J., concurs for reasons assigned by FORET, J.