391 So.2d 821 (1980)
Albert SINITIERE, Jr., et al.
v.
Gerald W. LAVERGNE et al.
Gerald W. LAVERGNE
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 67482.
Supreme Court of Louisiana.
November 10, 1980.
Rehearing Denied December 15, 1980.
*823 Norman L. Sisson, Marshall W. Wroten, Robert J. Jones, Baton Rouge, Christopher B. Fruge, Ville Platte, for defendant-applicant.
J. Minos Simon, J. Minos Simon, Ltd., Anthony M. Fazzio, Lafayette, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Dennis Doise, Onebane & Donahoe, Metairie, for plaintiff-respondents.
BLANCHE, Justice.
At issue in this case is whether the Court's decision in Rue v. State, Department of Highways, 372 So.2d 1197 (La. 1979), compels a finding that the Department of Transportation and Development (Department), is solely liable for damages whenever a motorist inadvertently steers his vehicle onto a road shoulder containing a dangerous rut and loses control of the vehicle, thereby injuring himself and others.
On May 19, 1977, a clear day, at approximately 3:00 p. m., Gerald Wayne Lavergne was driving a van owned by his employer, Microfilm Consultants, Inc. (Microfilm) in an easterly direction on Louisiana Highway 182, an undivided 2-lane highway, when he inadvertently allowed his two right wheels to ease onto the eastbound shoulder of the road. Knowing that his vehicle was partially on the shelled shoulder, Lavergne allowed the van to slow to about 35-40 miles per hour while planning his re-entry onto the travel portion of the road. At the point where Lavergne attempted to maneuver the vehicle back onto the highway, there was a 3½ to 4 inch drop from the travel portion of the highway to the east bound shoulder portion of the highway. Contact between one or both of Lavergne's right wheels and the elevated edge of the roadway resulted in Lavergne losing control of *824 the vehicle and careening across the center line of the highway into the oncoming traffic lane. The van struck the west bound vehicle driven by Cyrilla Henry and occupied by Florentine Sinitiere head-on, fatally injuring the two women and seriously injuring Lavergne.
The survivors of Mrs. Sinitiere and Mrs. Henry instituted wrongful death and survival actions against Lavergne, his employer and the Department.[1] Various incidental actions were filed, including a third party demand by Lavergne against the Department, the plaintiffs and his alleged insurer, a third party demand by the Department against Lavergne, and an intervention by State Farm Automobile Insurance Company (State Farm), as subrogee, to recover payments made to two of the plaintiffs under policies issued by the company to those persons. Gerald Lavergne filed a separate original action against the Department for the injuries he sustained.[2] Both suits were consolidated for trial.
The trial court concluded that the highway department was negligent in failing to correct a hazardous condition despite actual or constructive knowledge of the defect. The court also concluded that Lavergne was negligent in running off the road at a time when there was no immediate danger which required him to do so, citing Hopkins v. Dept. of Highways, 167 So.2d 441 (La.App. 1st Cir. 1964), writ denied, 246 La. 885, 168 So.2d 268 (1964). Further, the evidence established that at the time of the accident Lavergne was driving within the course and scope of his employment, thereby rendering Microfilm vicariously liable for Lavergne's negligence. C.C. art. 2320.
Judgment was rendered in favor of the Sinitiere and Henry survivors and State Farm against Lavergne, the Department and Microfilm, in solido. As between the defendants, the court ordered the Department to contribute one-half the judgment and Lavergne and Microfilm to bear the other one-half. Judgment was entered in favor of Lavergne against his insurer in the amount of $10,000.
In Lavergne's separate action against the Department, the trial judge found that Lavergne's own negligence was a contributing factor to the injuries sustained by him and, accordingly, rendered judgment against Lavergne and in favor of the Department.
Gerald Lavergne appealed the judgments in both cases while the Department appealed only the judgment rendered against it.
While the appeals were pending in this case, this court decided the Rue case, supra, wherein we held that mere inadvertence in allowing one's vehicle to stray from the travel portion of a highway onto its shoulder is not necessarily such substandard conduct as constitutes negligence barring recovery against the highway department for injuries caused by defective conditions on the shoulder. The case expressly overruled Hopkins v. Department of Highways, supra, relied upon by the trial court, which held otherwise.
The appellate court, relying upon Rue, affirmed the judgment in favor of plaintiffs and against the Department in the Sinitiere-Henry case, but amended such judgment to exclude defendants Lavergne and Microfilm from liability. In Lavergne's suit, the judgment was reversed and the Department held liable to Lavergne. The Department applied for Writs of Certiorari on the liability issue in each case, which this Court granted. La.Const. art. 5, § 5.

NEGLIGENCE OF THE DEPARTMENT
It has been repeatedly stated that the Department is not a guarantor of the safety of travelers but, rather, owes a duty to keep the highways and its shoulders reasonably safe for non-negligent motorists. Liability based upon negligence is imposed when the Department is actually or constructively *825 aware of a hazardous condition and fails to take corrective action within a reasonable time.[3]
Since road shoulders are only designed for temporary use when a motorist finds himself off the roadway, the Department's duty of care is generally discharged at a level of construction and maintenance less than that required for the primary road surface. However, an implicit necessity for the functional use of a shoulder is a connection between the roadway and shoulder that allows for safe gradual movement from one to the other.
The duty to maintain reasonably safe highways and shoulders extends to the protection of those people who may be foreseeably placed in danger by an unreasonably dangerous condition. In the past this duty was held to extend to the protection of those persons who had to drive onto the shoulder because an emergency condition made travel on the main portion of the roadway hazardous. Hopkins, supra. It was later held to include people who reasonably believed that conditions required them to drive onto the shoulder although no actual hazard existed. Watson v. Morrison, 340 So.2d 588 (La.App. 1st Cir. 1976), writ denied 342 So.2d 218 (La.1977). In Rue, supra, the rule was clarified to include persons who drove onto the shoulder inadvertently where there was neither knowledge nor reason to know of either a defective condition of the shoulder itself or any other condition that would make such action hazardous (such as a car on the shoulder of the road). Likewise, passengers in vehicles that strayed from the road were within the ambit of the duty. Rue, supra. From this, there can be no doubt but that the duty extends to passengers and drivers in one vehicle who are likely to be injured when a driver of another vehicle goes out of control because of a negligently maintained shoulder. Thus, the plaintiff's decedents in the Sinitiere-Henry suit, as well as Lavergne, are within the ambit of the Department's duty to maintain reasonably safe highway shoulders.
A review of the trial record leads this Court to the conclusion that the lower courts were not manifestly erroneous in their conclusion that the Department breached its duty to plaintiff's decedents. As was stated by the trial court:
"Louisiana Highway 182 was inspected 3 or 4 days prior to the accident. Witnesses testified that the drop off had existed for some time prior to the accident. Mr. Whitney Lasseigne, St. Martin Parish Highway Superintendent [for the Department of Transportation] testified that a 2 inch drop from the highway to the shoulder is dangerous. The guidelines followed by his department, prepared by the Department of Highways, states that more than a one (1) inch drop should not be allowed."
Further, Mr. Lasseigne testified that he could have interrupted the regular work schedule of his road crews to correct the defect at issue if he had felt that the situation necessitated immediate action. This testimony, coupled with other competent testimony that the drop off in question was 3½ to 4 inches at the point at which Lavergne's vehicle struck the curb, was sufficient to show breach. The shoulder condition was dangerous, the Department knew, or should have known, of the condition, and the Department could have expediently corrected the situation prior to the accident.
For the foregoing reasons, the Department must also be said to have breached its duty to Mr. Lavergne since he was within the scope of the Department's duty.
Negligence is only actionable where it is both a cause in fact of the injury and a legal cause of the injury. Legal cause requires a proximate relation between the actions of a defendant and the harm which occurs and such relation must be substantial in character. Dixie Drive It Yourself System v. American Beverage Co., *826 242 La. 471, 137 So.2d 298 (1962); Lombard v. Sewerage and Water Board of New Orleans, 284 So.2d 905 (La.1973). Using a "but-for" test to determine cause in fact clearly results in a finding that the accident would not have resulted had the road shoulder been substantially even with the travel portion of the road. Further, there is a substantial relationship between the failure to correct a highway defect and an automobile accident, the type of risk encountered by plaintiffs' decedents and Lavergne.

LAVERGNE'S NEGLIGENCE
A motorist's duty of reasonable care includes the duty to keep his vehicle under control. Russo v. Guillory, 322 So.2d 233 (La.App. 4th Cir. 1975), writ denied 325 So.2d 608 (La.1976). Further, a motorist has a duty to maintain a proper lookout for hazards which by the use of ordinary care and observation he should be able to see in time to avoid running into them. Southern Farm Bureau Casualty Ins. Co. v. Gay, 276 So.2d 893 (La.App. 1st Cir. 1973). This duty, at the very least, runs in favor of passengers riding in the motorist's vehicle as well as to those occupying other vehicles on the highway for the risk of harm associated with automobile accidents.
Since the trial judge ruled, prior to this Court's decision in the Rue case, that Lavergne was negligent solely because he allowed his vehicle to stray from the road in the absence of an emergency, he saw no need to make findings of fact concerning other actions of Lavergne that might have constituted negligence. The appellate court, however, having the benefit of the Rue decision, examined the record and concluded that Lavergne's actions after he found himself on the shoulder were not sufficient to constitute negligence barring recovery by him. The court further concluded that under the Rue doctrine, even if Lavergne's re-entry were substandard, he would not be barred from recovery occasioned chiefly because of the Department's negligence. With neither conclusion can this Court agree.
In Rue, supra, this Court stated that a motorist's duty to drive reasonably does not extend to the risk of injury from striking an unexpected and unexpectable hazard resulting from a negligently maintained highway shoulder. The reason for this statement was the jurisprudentially recognized rule that a motorist has a right to assume that highway shoulders are maintained in a reasonably safe manner in the absence of knowledge or reason to know of a defect. This language does not establish the highway shoulder as a "zone of recovery" for every straying motorist. Rather, it states the simple principle that the law will not automatically bar a person from recovery or charge him with liability vis-a-vis third parties where the law does not charge that person with actual or constructive knowledge of an avoidable danger. Thus, if a person is chargeable with knowledge of a shoulder defect that could cause serious injury and, nevertheless, disregards his own safety and the safety of others, the law considers his actions in leaving the main travel portion of the roadway to be a breach of his duty to himself and to the others who can reasonably be expected to be injured by his actions. See Rodgers v. Department of Highways, 376 So.2d 1295 (La.App. 2d Cir. 1979); Morrow v. Department of Highways, 377 So.2d 430 (La.App. 2d Cir. 1979).
A review of the record leads this Court to the conclusion that Gerald Lavergne did breach the duty of reasonable care owed himself and other motorists in his vicinity at the time he attempted to re-enter the travel portion of the highway.
Lavergne testified that he had no actual knowledge of the low condition of the shoulder. Lavergne and others testified that at the point at which Lavergne's right wheels left the travel portion of the roadway, there was only a slight depression, if any, on the shoulder. Since Lavergne had neither knowledge nor reason to know of the low shoulder at the point at which he left the highway, his actions in leaving the roadway did not per se constitute negligence.
*827 The testimony of investigating Officer Ackel was to the effect that about 100 feet before the point at which Lavergne attempted to re-enter the travel portion of the roadway, the east bound shoulder began descending while the roadway continued along its even plane. The depression continued past the point at which Lavergne attempted to re-enter the roadway and gradually went as low as 5 inches below the travel portion of the highway. Thus, Lavergne's vehicle, positioned partially on the road and partially on the shoulder, moved from a place in the roadway where his vehicle was perfectly parallel with the plane of the road to a position where the right side of his vehicle was 3½ to 4 inches lower than the left side. The angle of Lavergne's vehicle caused by this condition coupled with the presence of a continuing depression along the highway in front of Lavergne's vehicle leads us to the conclusion that Lavergne should have known that something was seriously wrong before, in effect, attempting to jump a 3½ to 4 inch curb while going 35 to 40 miles per hour. This conclusion is strengthened by the testimony of Mr. Steven Killingsworth, an expert in mechanical engineering, to the effect that there was no way any person could have controlled a vehicle making a re-entry onto the highway under the conditions then existing while travelling at the speed at which Mr. Lavergne made his attempt.
Lavergne attempted to counter this proposition by producing Mr. Earl Picard, an expert in the field of accident investigation and safety, driver safety and defensive driving. Mr. Picard testified that a reasonably safe driver in Lavergne's situation would have been "aiming high" or looking straight ahead rather than looking at the ground immediately in front of his vehicle and that, therefore, the drop in the road would not have been evident. Whatever advantages "aiming high" might have in general, it certainly cannot be a justification for not seeing a significant depression on a highway shoulder at a point where a driver attempts to re-enter the main portion of the roadway from the shoulder.
Mr. Lavergne's actions were more than just a cause-in-fact of the accident. The breach of his duty to observe what he should have seen had a substantial relation to the harm encountered by himself and the decedents. Thus, he is liable to the survivors of Mrs. Sinitiere and Mrs. Henry and is precluded from recovering from the Department.

RESPECTIVE LIABILITY OF DEFENDANTS[4]
"When actionable negligence of two tortfeasors contributes in causing harm to a third party, each of them is responsible for the damage. They are solidarily liable." Dixie Drive It Yourself System, supra, 137 So.2d at 301. Since we have determined that both Gerald Lavergne and the Department were negligent in their actions and that each actor was a substantial cause of the tragic accident involved here, it follows from the foregoing passage that they are debtors in solido.
Only the Department of Highways applied for a Writ of Certiorari. It is a longstanding policy of this Court that a judgment will not be amended by this Court to benefit a party who did not apply for certiorari. Carollo v. Wilson, 353 So.2d 249 (La.1977); Gulotta v. Cutshaw, 283 So.2d 482 (La.1973). Since the survivors of Mrs. Sinitiere and Mrs. Henry did not petition this Court to grant judgment in their favor against Lavergne and his employer, this Court will not do so. The Department, however, was granted a Writ of Certiorari for consideration of not only its liability to Lavergne and the other plaintiffs' decedents, but also the liability of Lavergne to the plaintiffs. In this respect the Department was asking for, at the very least, a reimposition of liability onto Lavergne. Since the Department filed a third party demand against Lavergne and Microfilm, *828 we hereby grant judgment in favor of the Department for contribution due one solidary obligor by another.
In the case of Sinitiere et al. v. Lavergne et al., the judgment of the court of appeal is reversed and the judgment of the trial court is reinstated to the extent that it is not inconsistent with the views expressed herein.
In the case of Lavergne v. Department of Transportation and Development et al., the judgment of the court of appeal is reversed and the judgment of the trial court is reinstated.
Costs of this proceeding and the appeal of this matter are assessed one-half against the Department and one-half against Gerald Lavergne and Microfilm Consultants, Inc.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.
DIXON, C. J., concurs.
LEMMON, J., concurs and assigns reasons.
MARCUS, J., concurs in part and dissents in part and assigns reasons.
DENNIS and WATSON, JJ., dissent in part and concur in part, being of the opinion that the Court of Appeal was correct.
LEMMON, Justice, concurring.
Lavergne's fault that was a legal cause of this accident was not his allowing his vehicle to move off the highway, but rather his attempting to reenter at a speed of 40 miles per hour in the face of oncoming traffic. He owed a duty to the oncoming motorists not to attempt reentry at that time into the single open lane, since the foreseeable momentary loss of control (caused jointly by his action and by the Department's failure of maintenance) created a risk to the oncoming motorists that was encompassed within the duty not to reenter under those conditions.
MARCUS, Justice (concurring in part and dissenting in part).
I consider that the sole proximate cause of the accident was the negligence of Lavergne in allowing his vehicle to stray from the road in the absence of an emergency and then attempting to re-enter the traveled portion of the highway while going 35 to 40 miles per hour. Accordingly, I respectfully concur in part and dissent in part.
NOTES
[1] Sinitiere et al. v. Lavergne et al., 15th Judicial District Court, Docket No. 71663 D.; Court of Appeal, Third Circuit, 381 So.2d 522.
[2] Lavergne v. Department of Transportation and Development, 15th Judicial District Court, Docket No. 783458. Court of Appeal, Third Circuit, 381 So.2d 528.
[3] This Court is not called upon at this time to decide the applicability of C.C. art. 2317 to the facts of this case.
[4] Because of the date of the accident in question, this Court need not determine the effect of Acts 1979, No. 431, § 1, upon the respective liability of the parties.