EDWARDS, Judge.
On the morning of June 1, 1976, Deborah B. LeJeune was driving south on Louisiana Highway 415 in West Baton Rouge Parish. At the same time, Mitchell Braswell was driving a pickup truck north on Highway 415. Braswell reached a point where the road abruptly narrowed from four to two lanes. For unexplained reasons, Braswell failed to remain on the roadway’s paved portion. One or more tires ran onto the gravel shoulder which was, in places, six to eight inches lower than the paved highway. Braswell attempted to steer his vehicle onto the roadway but lost control and the pickup careened sideways across the highway directly into the path of Mrs. LeJeune’s automobile. As a result of the ensuing collision, Mrs. LeJeune suffered numerous injuries, some painful, some permanent and some disfiguring.
Deborah LeJeune and her husband, Thomas R. LeJeune, brought suit against Mitchell Braswell, Helmerich and Payne International Drilling Company, Braswell’s employer, Fireman’s Fund Insurance Company, Harbor Insurance Company, and the State of Louisiana, through the Department of Transportation and Development. Mr. LeJeune sought $19,053.96 in damages while Mrs. LeJeune prayed for $455,700.
Prior to trial, plaintiffs released all defendants except the state for the consideration of $92,134.35.
Following trial, judgment was signed in plaintiffs’ favor casting the state for $116,- *1279 424.06 in damages plus interest and costs including $700 in expert witness fees. Because Mitchell Braswell and the state were found to be joint tortfeasors and because Braswell had already been released, the state’s liability was reduced by fifty percent as mandated by Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir. 1964).
On appeal, the state urges that the trial court erred in holding the Department of Transportation and Development liable.
We find that the trial court did not err. The record contains sufficient evidence to make it crystal clear that the state failed to maintain properly the shoulder of Highway 415. The deep ruts, into which the wheels of Braswell’s truck rode, were a known but uncorrected danger. The state’s failure to maintain a shoulder so as to allow for safe gradual movement from shoulder to road and vice versa must and did result in liability. Sinitiere v. Lavergne, 391 So.2d 821 (La.S.Ct.1980); Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979).
Plaintiffs have answered the appeal. They claim that the trial court erred in finding Braswell and the state to be joint tortfeasors and argue that only the state was liable and that therefore the state should not enjoy the benefit of a fifty percent reduction in damages owed.
Plaintiffs’ argument is untenable. Braswell, knowing of the shoulder’s condition both because of his familiarity with the road and because he realized the right side of his vehicle was off the pavement, was negligent in attempting to ride out of a deep rut at a speed of fifty miles per hour. Sinitiere v. Lavergne, supra. Clearly, Braswell and the state were joint tortfeasors.
For the foregoing reasons, the judgment appealed from is affirmed. All costs, both trial and appellate, are to be paid by the state, through the Department of Transportation and Development.
AFFIRMED.