SHORTESS, Judge,
dissenting.
I respectfully dissent.
The record reveals the following facts: Gary D. Plain was proceeding on Hyacinth Avenue, a two-lane street in Baton Rouge, on the afternoon of September 15, 1977. Cynthia McGee was riding her bike in the opposite direction, near the edge of the roadway, but in the same lane that Plain was traveling. The road was wet in some areas, because it had rained the day before; however, the weather was mild at the time of the accident. The speed limit was 30 or 35 miles per hour. Plain approached a curve in the road, traveling approximately 25 to 30 miles per hour. He noticed water in the street and slowed to approximately 10 to 20 miles per hour. There were vehicles in the opposite lane which prevented him from veering away and avoiding the wet area and Cynthia McGee. The water was covering a pothole. When Plain’s vehicle hit the pothole, he lost control, began sliding, and collided with Cynthia McGee and her bicycle. An ambulance was called to render aid and, upon arrival, it also hit the pothole and then skidded, according to Plain.
The Parish street supervisor, at the time of the accident, admitted that the street was not being inspected regularly at this time, as was the normal procedure, due to an overlay project.
The trial judge found that:
. . . the existence of the pothole and the fact that the pothole filled with water after a rainstorm made that section of the road unreasonably dangerous in normal use. Because of the tendency for water to stand in the hole, motorists could not tell that that section of the roadway was damaged. Therefore, the Parish is responsible for any damage caused by the defective condition of the road.
I agree with this conclusion. However, he also found that Charles Plain was guilty of negligence constituting third party fault, so as to exonerate the Parish from liability under Civil Code Art. 2317. These facts are not highly convincing, as to the negligence of Plain. Moreover, if I assume Plain was negligent in the operation of his vehicle and apply the “but for” test of negligence used in Sinitiere v. Lavergne, 391 So.2d 821 (La. 1980), I can reach only one logical conclusion. If Plain had not hit the pothole, described by the trial court to be a defective condition in this road, this accident and the resulting injuries to Cynthia McGee, would not have happened. The pothole was a substantial factor and I would hold the Parish liable as a joint tortfeasor.