427 So.2d 902 (1983)
ESTATE OF Elsie C. KING, et al., Plaintiffs-Appellees,
v.
AETNA CASUALTY & SURETY CO., et al., Defendants-Appellants.
No. 82-454.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Rehearings Denied March 22, 1983.
*903 Gold, Little, Simon, Weems & Bruser, Eugene J. Sues, Alexandria, Dubuisson & Dubuisson, Edward B. Dubuisson, Opelousas, for defendant-appellee.
Morrow & Morrow, J. Michael Morrow, Opelousas, Gilbert Aucoin, Alex D. Chapman, Jr., of Fuselier & Chapman, A. Gaynor Soileau, Ville Platte, for plaintiffs-appellees.
William J. Doran, Jr., Baton Rouge, for defendants-appellants.
Before STOKER, YELVERTON and KNOLL, JJ.
STOKER, Judge.
The matters discussed in this opinion arise out of a two-car collision which occurred on Louisiana Highway 112 between Forest Hill and Lecompte. Five cases were consolidated for trial and are considered on this appeal. Separate opinions are being rendered this date in the four other actions.[1]
The details of the accident were well stated by the trial court from which we quote as follows:
"A small car containing five women was hit by a pick-up truck head-on which resulted in the death of the woman driver and injuries to the other four women occupants.
"On Saturday, July 21, 1979, at about 11:30 P.M., Elsie King (the deceased) was driving her Ford Maverick in an easterly direction on Louisiana Highway 112. The highway was a two-laned, blacktopped highway, with earthen shoulders. As a matter of fact, the highway had been recently overlaid with asphalt, causing the travel surface to be higher than the shoulders. The shoulders were then raised to their proper height by the State. The shoulder work had been `completed' on July 11, 1979,about ten days before the accident.

*904 "As Mrs. King proceeded easterly in her lane, in a no-passing zone, approaching a curve to her right (south), a vehicle driven in the same easterly direction by James Pierce, passed her, did not return to his proper lane, remained astraddle the center line and no-passing line, and forced a pick-up, being driven by Eddie Johns,driving westerly and emerging from the curve,off the traveled portion of the highway, partially on to the north shoulder of the highway. Mr. Johns attempted to place his two right wheels on the shoulder to let the Pierce vehicle pass him; but, when he did, the shoulder threw him either into the ditch or partially into the ditch, and, in attempting to regain the traveled portion, gunned his motor, re-entered the highway, and, in so doing, struck the King vehicle.
"Mrs. King was not going fast and came either to a complete stop, or nearly so. She apparently hit her brakes hard, as the officer noticed skid-marks he attributed to her. At impact, she was either at the south extreme of her lane or partially on the right shoulder (south). There is some dispute as to whether she was completely in her lane or whether she had her two right wheels on the shoulder. There is also some dispute as to whether she was completely stopped, or whether she had just about stopped and was slowly moving."
Mrs. King died approximately 10 hours later as a result of injuries sustained in the accident. She was a widow and is survived by seven children, only one of whom is a minor.
Suit was brought by Laura King Deville (the eldest child) as administratrix of King's estate, as tutrix for the minor child, Rhonda, and for herself along with the five other children against Eddie Johns and his liability insurer, Aetna Casualty and Surety Co.; James Pierce and his liability insurer, West American Insurance Company; King's uninsured motorist insurer, Allstate Insurance Company; and the Louisiana Department of Transportation and Development (DOTD). The same parties were named defendants in separate suits by Martha Clark, Audrey Vidrine, Clara Clark, and Jane Perry. Allstate, along with other individual uninsured motorist insurers named as defendants, have either settled or been dismissed from these actions and are of no consequence in this appeal.
After trial on the merits, judgment was rendered in favor of Johns and Aetna dismissing all claims against them. Judgment was rendered in favor of all plaintiffs and against DOTD and Pierce, in solido. West American Insurance Company placed the proceeds from Pierce's liability policy in concursus and they were distributed accordingly. Damages were awarded as follows:

Estate of Elsie King - medical expenses $ 2,185.11
 her pain and suffering 50,000.00
Rhonda King - minor child 150,000.00
Phillip King 75,000.00
Laura King Deville 75,000.00
Gilbert Carol King 50,000.00
Pearline King Leger 50,000.00
Darlene King Fee 50,000.00
Patricia King Deville 50,000.00
Audrey Vidrine  medical expenses 4,237.41
 general damages 25,000.00
Jane Perry  medical expenses 1,394.09
 general damages 2,500.00
Clara Clark  medical expenses 12,066.25
 general damages 150,000.00
Martha Clark  medical expenses 90.00
 general damages 10,000.00
 ___________
 TOTAL $757.472.88

All third party and incidental demands were denied except that DOTD was granted contribution against Pierce for his virile share. Pierce did not participate in this appeal so all judgments against him have become final.

ISSUES
The primary appellant in this matter is DOTD which claims on appeal that the trial judge erred in finding that the poor condition of the road shoulder was a causative factor in this accident. It asserts that the accident was caused solely by the negligence of Pierce and Johns and seeks reversal regarding the finding of liability on its part and the lack of negligence on Johns' part.
Alternatively, DOTD claims that Elsie King was guilty of contributory negligence which should bar any awards to her survivors. An attack is also made on the trial *905 judge's general damage awards for King's pain and suffering, to her children for her wrongful death, and to Clara Clark for personal injuries alleging that the awards were an abuse of discretion and should be reduced.
All plaintiffs answer the appeal asking for an increase in their general damage awards. Only the King estate and children reassert their claims against Johns and Aetna asking that the trial court judgment finding Johns non-negligent be reversed.
We affirm in part and reverse in part for the following reasons.

NEGLIGENCE OF THE STATE
It is the position of DOTD that the condition of the shoulders did not present a reasonably prudent driver with an unreasonable risk of harm and that this condition was not a cause of the accident. DOTD maintains that the accident was caused solely by the negligence of Pierce and Johns and the contributory negligence of King.
Numerous employees of the DOTD testified regarding the process of restoring the shoulder. This testimony revealed that when a shoulder is restored with material from a pit leased by DOTD, as it was in this case, no tests are made regarding the relative proportions of sand, clay and gravel contained in the material. If the restoration is done by a private contractor, the material used must meet specifications, particularly in regard to gravel content. Consequently, the material placed on the shoulder of Highway 112 was never tested to determine the adequacy of its content.
Witnesses also testified at trial that several people who parked on either side of the highway immediately following the accident got stuck and had to be pulled out or they experienced difficulty in pulling back onto the pavement due to the slickness of the shoulder. DOTD employees testified almost without exception that this situation would indicate improper compaction or inadequate materials on the shoulder. In view of these facts, we cannot say that the trial judge was clearly wrong in his finding that the condition of the shoulder was a cause of the accident. We also note that the only warnings regarding the shoulder in the area were two "low shoulder" signs facing west placed at a point which King had not reached.
DOTD relies heavily on Johns' statement that he had control of his truck on the shoulder and contends that his re-entry was negligent so as to be a superceding cause of the accident. As the trial court clearly stated, "Of course, even if the Court would hold Johns negligent, it would give little solace to the State, except for limited contribution, as the cases cited by counsel hold that the negligence of the driver doesn't supercede the negligence of the State, but makes the driver a joint tort feasor." Sinitiere v. Lavergne, 391 So.2d 821 (La.1980).
In any event, the condition of the shoulder evidently remained a factor even after Johns' re-entry as the mud and clay adhering to his tires appears to have caused his slide across the highway into the King vehicle.

NEGLIGENCE OF JOHNS
The negligence on the part of Johns poses a more difficult question. The question evidently troubled the trial judge. There is no question that Johns was free from negligence in leaving the pavement and entering the shoulder. Nor do we dispute the determination that Johns initially lost control due to the slickness of the shoulder. However, it appears to us that Johns regained control of his vehicle to the extent that he could determine its direction. Thereafter, in maneuvering along the shoulder, Johns had his vehicle under a minimum of control because it was still sliding to a great extent. Upon re-entry, Johns again lost control due primarily to the mud adhering to his tires.
In light of Johns' testimony that he made a conscious effort to re-enter the pavement, we find that the trial judge was clearly wrong in not finding Johns negligent. In the recent case of LeBlanc v. State, 419 So.2d 853 (La.1982), a driver who reacted instinctively in immediately pulling back onto the highway was found not to be negligent. *906 The Supreme Court distinguished Sinitiere v. Lavergne, supra, which involved a driver who became aware of the dangerous condition of the shoulder when he entered upon it, yet still made a decision to re-enter the travelled portion of the highway. In Sinitiere the driver was found to have a duty of reasonable care to himself and other motorists in the vicinity at the time he re-entered the highway.
We find that Johns was in a position comparable to that of the driver in Sinitiere. He freely testified that he was afraid he would get stuck if he remained on the shoulder, but that, despite his concern, he would not have re-entered the highway had he seen an oncoming car. This testimony clearly takes Johns out of the category of drivers discussed in LeBlanc v. State, supra, who may instinctively, or through reflex action, steer immediately back onto the highway. It also indicates that he was fully aware that he could lose control on re-entry.
The evidence showed that there were no obstacles preventing Johns from seeing the oncoming King car, and we hold that he was negligent in failing to see the car and in failing to properly react to the situation. Johns' negligence on re-entry was a substantial factor in causing the accident making Johns a joint tortfeasor along with Pierce and DOTD.
Although Audrey Vidrine, Jane Perry, Clara Clark, and Martha Clark did not appeal the judgment in favor of Johns and Aetna, DOTD is still entitled to contribution for Johns' virile share of the judgment. Sinitiere v. Lavergne, supra.

CONTRIBUTORY NEGLIGENCE OF KING
It is the position of DOTD that the King car was predominantly on the pavement at the time of the collision and Mrs. King could have moved her car and avoided the accident. The three passengers in the King car who could remember the accident testified that Mrs. King had just pulled slightly off the pavement when she observed Johns leaving the highway, and upon his re-entry she accelerated but her two right wheels were stuck in the shoulder. As pointed out by the trial judge, the exact location of the King car at the point of impact is in dispute and we see no reason to decide the question. It is obvious that King observed the events and took evasive action by hitting her brakes. We can find no factual or jurisprudential support for the proposition that she was negligent because her evasive attempts were unsuccessful.

QUANTUM
All general damage awards are brought into question in this appeal. No objection was made to the amounts given for medical expenses, and therefore, they are not at issue. DOTD seeks reduction only of those awards for Mrs. King's pain and suffering, for her children in their wrongful death action, and for Clara Clark's personal injuries. The guest passenger plaintiffs all seek an increase in their general damage awards.
Mrs. King lived approximately ten hours after the accident. The evidence shows that she was conscious most of that time and in considerable pain. She was also aware of the serious nature of her injuries and expressed much concern in that regard. Although the award of $50,000 for her pain and suffering may have been more than we might have awarded, we do not find the award such an abuse of the "much discretion" of the trier of fact that it must be reduced. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
We reach the same conclusion regarding Mrs. King's children. There was evidence that this family had always been particularly close and, after Mr. King's death about four months before this accident, the children had become even closer to their mother. The damages awarded are within the range of the discretion of the trial judge and will not be reduced or increased.
The award of $150,000 to Clara Clark is adequate and will not be disturbed.
*907 She suffered extensive injuries as a result of the accident and has undergone painful treatment including surgery to place pins in her back and a four month stint in a body cast. She still faces further surgery to have the pins removed.
The awards to the other plaintiffs in companion cases, Martha Clark, Jane Perry, and Audrey Vidrine, are adequate and will not be disturbed.

CONCLUSION
For the foregoing reasons, the judgment in this case in favor of plaintiffs against James Pierce and the Louisiana Department of Transportation and Development is affirmed.
We reverse the judgment in favor of Eddie R. Johns and Aetna Casualty & Surety Co. and against plaintiffs, Laura Faye Deville, as the duly confirmed administratrix of the Estate of Elsie C. King; Laura Faye Deville, as duly confirmed tutrix of the minor, Rhonda King; Phillip Lee King; Laura Faye Deville; Gilbert Carol King; Pearline Kay Leger; Darlene Kay Fee; and Patricia Diane Deville. Judgment is hereby granted in favor of these plaintiffs and against Eddie R. Johns and Aetna Casualty & Surety Co., in solido for the amounts awarded by the trial court, such judgment to be in solido with James Pierce and the Louisiana Department of Transportation and Development, provided that Aetna Casualty & Surety Co. shall not be liable for more than its policy limits of $10,000 for any one person and $20,000 with reference to any one accident and provided further that the fund to be paid under these limits shall be apportioned according to law.
We reverse the judgment in favor of Eddie R. Johns and against the Louisiana Department of Transportation and Development on the latter's third party demand. Judgment is hereby granted in favor of the Louisiana Department of Transportation and Development and against Eddie R. Johns on its third party demand for contribution to the extent of his virile share (1/3) of the judgment rendered herein.
The judgment in favor of the Louisiana Department of Transportation and Development on its third party demand against James Pierce for contribution is amended to reduce the virile share of James Pierce for the judgment against him to one-third (1/3).
In all other respects, the judgment of the trial court is affirmed. The costs of this appeal are assessed one-half to the Louisiana Department of Transportation and Development and one-half to Eddie R. Johns and Aetna Casualty & Surety Co., in solido.
AFFIRMED IN PART, REVERSED IN PART, AMENDED, AND RENDERED AS AMENDED.
NOTES
[1] The other four actions are: Martha Lee Clark v. Aetna Casualty & Surety Co., et al., 427 So.2d 907 (La.App. 3rd Cir.1983) our docket number 82-455; Audrey King Vidrine v. Aetna Casualty & Surety Co., et al., 427 So.2d 908 (La.App. 3rd Cir.1983) our docket number 82-456; Clara Clark v. Aetna Casualty & Surety Co., et al., 427 So.2d 909 (La.App. 3rd Cir. 1983) our docket number 82-457; and Jane Perry v. Aetna Casualty and Surety Co., et al., 427 So.2d 910 (La.App. 3rd Cir.1983) our docket number 82-458.