EDWARDS, Judge,
dissenting.
The majority has made two errors. It has substituted its own fact finding for that of the trial court, and it has ignored the law.
For a tort plaintiff to recover he must prove that the defendant caused his injury. In the case of multiple tort-feasors, the plaintiff can recover only from those whose action or inaction contributed to his injury. The question of cause has two parts: cause-in-fact and legal cause.
Cause-in-fact is a question of fact, and consequently the trial court’s finding should not be disturbed unless it is clearly wrong. Soileau v. South Central Bell Telephone Co., 406 So.2d 182, 184 (La.1981). Ponder v. Groendyke Transport, Inc., 454 So.2d 823, 828 (La.App. 3d Cir.), cert. denied, 457 So.2d 1195, 1198 (La.1984). A court of appeal must not substitute its findings of fact for those of the trial court. Pierre v. Landry, 341 So.2d 891, 893 (La.1977). The trial court found that the excessive drop-off was a contributing cause of this accident. In light of the evidence, I simply cannot say that finding is manifestly erroneous.
The majority does not mention the standard of review of the trial court’s factual findings. It does, however, correctly point out that we are not bound by the manifest error rule in reviewing deposition testimony. Yet only one witness, Mr. Huggins, testified by deposition. The trial court’s reasons for judgment show that it did not rely on Huggins’ testimony to make the finding that the low shoulder was a cause of the accident.* In fact, the trial court did not appear to give Mr. Huggins’ testimony any more weight than the majority has done. The standard of review for the remainder of the record is the manifest error standard. The mere fact that one witness testified by deposition does not change the standard of review for all of the other evidence presented at trial.
I am also somewhat puzzled by the majority’s suggestion that Pitre v. Aetna Insurance Co., 456 So.2d 626 (La.1984), supports its conclusion that the drop-off was not a cause of this accident. The Pitre court did indeed find that the drop-off in that case had not caused the accident. However, the driver in Pitre had made no attempt to regain the roadway. The instant case presents a completely different situation; Huggins did go back onto the road. There is really no dispute that the major part of the reason the driver lost control of his car was his drunkenness, but that is not to say that the drop-off had nothing to do with the accident.
Having concluded that the drop-off between the roadway and the shoulder was a *38 cause-in-fact of the accident, I would next move to the question of legal cause, that is, whether the Parish has a duty to protect these particular plaintiffs from this type of harm arising in this manner. See Crowe, The Anatomy of a Tort, 22 Loy.L.Rev. 903, 906, (1976). It is clear that the Parish has a duty to maintain the roadways in a reasonably safe condition, Sinitiere v. Lavergne, 391 So.2d 821, 823 (La.1980), and safety necessitates “a connection between the roadway and shoulder that allows for safe gradual movement” from the road to the shoulder. Id. at 8925. This duty extends to motorists who have driven onto the shoulder to take evasive action, and even to motorists who inadvertently stray to the shoulder and then lose control of their cars upon reentering the roadway. See Rue v. State Department of Highways, 372 So.2d 1197, 1199 (La.1979). Likewise “the duty extends to passengers and drivers in one vehicle who are likely to be injured when a driver of another vehicle goes out of control because of a negligently maintained shoulder.” Sinitiere, 391 So.2d at 825. This is precisely the situation in the instant case.
It is Huggins’ intoxication, however, which seems to be the sticking point. The majority believes that the Parish’s duty does not extend to the plaintiffs because the driver who hit their car was drunk. The majority cites Holmes v. State Department of Highways, 466 So.2d 811, 821 (La. App. 3d Cir.), cert. denied, 472 So.2d 31 (La.1985), in which the court said that, the Highway Department’s duty did not extend to a drunken driver who strayed off the highway because he was intoxicated, and then was injured as he attempted to regain the roadway. This case simply does not support the proposition that the Parish has no duty to the plaintiffs in this case, who were victims of the drunk driver, and I believe the majority has erred in drawing such a conclusion. The majority seems to believe that if one cause of an accident is intoxication, the Parish is absolved of all responsibility. The drunkenness of the driver who hit the plaintiffs was a major factor in the accident, but it was not the only factor. I agree with the trial court that the Parish was twenty percent at fault and should be liable accordingly.
Because tort-feasors are liable in solido, LSA-C.C. art. 2324, there are times when a governmental agency may as a practical matter bear the burden of the entire judgment, even though its own liability is a very small percentage of the total. This may have influenced the majority’s decision. I am painfully aware that if the Parish is found responsible for any part of plaintiffs’ injuries, it is liable to plaintiffs for the whole amount, and that it may be unable to recover against the other tort-feasor in contribution. Nevertheless, this court is merely an intermediate appellate court; we are bound by the law as enacted by the legislature and interpreted by the Supreme Court. Of course the law may be changed at any time, but it is not our province to do so. The trial court decided this case in accordance with the law, and it should be affirmed. Therefore I respectfully dissent.

 The court stated:
The determination of fault for the defective condition of the road shoulder has been based primarily upon the Court’s personal inspection of the accident scene. The photographs, exhibits and verbal descriptions do not adequately convey the dangerous condition which existed at the time of the accident. Only an on-site inspection makes clear that the drastic drop of the shoulder of the road was a contributing cause of the accident.
Obviously, defendant Huggins was severely negligent in failing to maintain proper control of his vehicle, but even a sober and careful driver would have had oversteering problems at this particular location when he attempted to return to the road surface.