560 So.2d 966 (1990)
Nelson CAMPO, Sr., Individually and as Administrator of the Succession of Peter James Campo, and Annabelle S. Campo
v.
LOUISIANA POWER AND LIGHT CO., INC., State of Louisiana, Department of Transportation and Development, et al.
No. 89-CA-0029.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1990.
*967 John J. Cooper, Breazeale, Sachse & Wilson, New Orleans, for plaintiffs/appellees.
Gregory J. Lannes, Jr., State of La., Dept. of Transp. and Development, Chalmette, for defendants/appellants.
Before GARRISON, BARRY and BECKER, JJ.
GARRISON, Judge.
This case arises from an automobile accident which occurred November 22, 1981 on Louisiana Highway 46 in the Parish of St. Bernard at 6:30 a.m. At the time of the accident, Mitchell Roussel was driving his 1980 Ford Thunderbird automobile with Peter Campo in the front passenger seat and Burton Melerine in the rear seat. It was daylight. These young men were returning home after nine hours of drinking and socializing at two bars in Chalmette. Mr. Roussel was maneuvering a curve in the road, lost control of his automobile, left the traveled portion of the highway, traveled along the shoulder of the road and struck a Louisiana Power and Light utility pole. After hitting the pole, the automobile traveled an additional 120 feet, landing in a dry canal bed adjacent to the roadway. Mr. Campo was ejected from the vehicle and sustained fatal injuries.
Mr. Campo's parents, Nelson Campo, Sr. and Annabelle Campo, brought a wrongful death and survival action against the State of Louisiana, Department of Transportation and Development (DOTD), Louisiana Power and Light Company, the Parish of St. Bernard, and the St. Bernard Police Jury, as well as unidentified contractors and insurers. All defendants with the exception of the DOTD were dismissed, or settled with the plaintiffs. The trial judge ruled in the plaintiffs' favor, awarding $333,244.50 in damages. From this judgment the DOTD appeals.
The DOTD contends that the trial judge erred in finding that the accident in question was caused by the highway, that the highway posed an unreasonable risk of harm and, in denying defendant's claim of assumption of the risk and/or comparative negligence by the deceased.
The highway in question was built in 1931 and had not been rebuilt. The utility poles were placed at approximately the same time. The portion of the highway on which the accident happened had an extremely narrow shoulder and the utility pole struck by Mr. Roussel's vehicle was located relatively close to the roadway. The accident occurred on a clear day. Mr. Roussel's testimony at trial revealed that he was extremely familiar with this stretch of roadway and its defects. He could not recall how fast he was driving. Mr. Roussel stated that he remembers nothing from the time they passed a trailer park, approximately one mile before the curve, to the time he was pinned under the car.
Negligence is actionable only where it is both cause in fact and a legal cause of injury. Sinitiere v. LaVergne, 391 So.2d 821 (La.1980). Legal cause requires a proximate relation between the actions of the defendant and the harm which occurs. This relation must be substantial in character. Sinitiere, supra.
The DOTD is not a guarantor of every traveler's safety. Sinitiere, supra. In the instant case, there is no evidence to show that the road caused the driver to lose control of the automobile. Likewise, there is no evidence that the shoulder, or lack thereof, caused the automobile to go out of control. Rather, the evidence shows the speed limit of 40 miles per hour to be the correct speed for this highway configuration. Furthermore, all evidence points to the fact that the vehicle was out of control before it left the roadway.
In Sinitiere, supra; Rue v. State, Dept. of Highways, 372 So.2d 1197 (La. 1979); Rodgers v. State, Dept. of Highways, 376 So.2d 1295 (La.App. 2 Cir.1979); Robinson v. Jeffreys Steel Co., Inc., 499 So.2d 1212 (La.App. 4th Cir.1986); Dagnall v. Louisiana Dept. of Highways, 426 So.2d 276 (La. App. 4th Cir.1983); and a case much cited by plaintiff, Nunez v. Smith, 480 So.2d 383 (La.App. 4th Cir.1985), a defect in the roadway was shown to have caused the vehicle to go out of control, directly causing the *968 accident. This was simply not the case in this accident.
The DOTD's duty to maintain the highways does not encompass the risk of injury to motorists, and their passengers, who lose control of their vehicles due to their own negligence and careen off the highway.
The record shows that the cause in fact and legal cause of Mr. Campo's injuries was not the DOTD's failure to provide an adequate shoulder but rather Mr. Roussel's negligence in the operation of his vehicle. Using a simple "but-for" test the accident would not have occurred had Mr. Roussel not been negligent in the operation of his vehicle. It is a motorist's duty to keep his automobile under control. Sinitiere, supra. We believe Mr. Roussel failed in his duty. The evidence at trial indicated that his vehicle was out of control before it left the roadway. His own testimony does nothing to refute this conclusion.
In the case of Rue v. State of Louisiana, Department of Highways, supra, the Louisiana Supreme Court stated that a motorist's duty to drive reasonably doesn't extend to risk of injury from striking an unexpected hazard, in that case a poorly maintained highway shoulder. However, as stated in Sinitiere, supra, "[t]his language does not establish the highway shoulder as a `zone of recovery' for every straying motorist." In other words, the law will not serve as a bar to recovery or charge an individual as liable to third parties absent actual or constructive knowledge of an avoidable danger. Sinitiere, supra.
The driver, Mr. Roussel, was well aware of the curve, the lack of shoulder, and the placement of the utility poles. Additionally, the alleged "defects" were well within sight and easily avoidable. Because of this knowledge, Mr. Roussel had a duty to exercise a higher degree of care in traveling that road than an individual who did not know the road as well. Rodgers v. State of Louisiana, Department of Highways, supra. This duty extends to those who reasonably expect to be injured by their failure to exercise such care such as passengers. Sinitiere, supra.
Rodgers, supra, is analogous to the case at hand. In that case suit was brought for the wrongful death of a driver whose vehicle had left the traveled portion of the highway. He attempted to return to the road and, due to a low shoulder, his vehicle overturned resulting in his death. The court denied recovery based on the fact the driver was familiar with the roadway and its low shoulders. The court reasoned that since he was aware of the hazard, allowing the vehicle to leave the paved portion of the road was a breach of his duty to exercise extreme caution. Additionally, the decedent driver in Rodgers had been drinking, as had Mr. Roussel.
For these reasons, we believe the DOTD is not liable for the injuries sustained by Mr. Campo. Therefore, the judgment of the trial court is reversed.
REVERSED.