785 F.2d 543
 Victor L. MARTIN, (Clara Lea Martin, Sandra Martin Fisher
and Robert M. Martin, as the Personal Representative of
Appellant Victor L. Martin, for Substitution in the Place of
Victor L. Martin, Deceased), Plaintiff-Appellee, Cross-Appellant,
v.
AMERICAN PETROFINA, INC., et al., Defendants,
and
Benjamin Foster, Division of Amchem Products,
Defendant-Appellant, Cross-Appellee.
 No. 84-3563.
 United States Court of Appeals,
Fifth Circuit.
 March 24, 1986.
 
 James B. Doyle, Woodley, Barnett, Cox, Williams, Fenet & Palmer, Edmund E. Woodley, Lake Charles, La., for defendant-appellant, cross-appellee.
 George R. Covert, Baton Rouge, La., for plaintiff-appellee, cross-appellant.
 Appeals from the United States District Court for the Middle District of Louisiana.
 ON PETITION FOR REHEARING
 (Opinion December 30, 1985, 5th Cir.1985, 779 F.2d 250).
 Before CLARK, Chief Judge, and BROWN and GEE, Circuit Judges.
 GEE, Circuit Judge:
 
 
 1
 In Part V of our original opinion in this Louisiana diversity case, we held that when a tort plaintiff's claim arises from events that occurred prior to the effective date of the introduction of comparative negligence in Louisiana, a settling joint tortfeasor's portion or share is computed on a pro rata basis for purposes of Louisiana Civil Code Article 1803 (1985)[1] and Harvey v. Travelers Insurance Company, 163 So.2d 915, 920-922 (La.App. 3d Cir.1964). On petition for rehearing, we have reviewed our original opinion and now conclude that we were in error.
 
 
 2
 Under Article 2103 of the pre-1985 Code, and Art. 1804 of the present Code, a tortfeasor's cause of action for contribution against its co-tortfeasor, where they are liable in solido, arises when judicial demand by the injured party is made upon one of the joint tortfeasors. Ducre v. Executive Officers of Halter Marine, Inc., 752 F.2d 976, 987-989 (5th Cir.1985). Victor Martin made his initial judicial demand in 1983, after Art. 2103 was amended in 1980 to reflect the introduction of comparative negligence in Louisiana. Thus, when Martin filed suit, the amended Art. 2103 read, in pertinent part:
 
 
 3
 When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, the debt shall be divided between them. If the obligation arises from a contract or quasi-contract, each debtor is liable for his virile portion. If the obligation arises from an offense or quasi-offense, it shall be divided in proportion to each debtor's fault.
 
 
 4
 Article 2103 is the source of a joint tortfeasor's right to claim contribution against co-tortfeasors. Ducre, Id. Hence, when Martin filed suit against Benjamin Foster in 1983, the latter had a right to claim contribution--proportionate to their fault--from its co-tortfeasors.
 
 
 5
 When Martin compromised with Benjamin Foster's fourteen solidarily liable co-tortfeasors, it was deprived of its right to claim contribution from those fourteen. Thus, under then-existing Art. 2203 and Harvey v. Travelers Insurance Co., supra, Benjamin Foster was entitled to a reduction in any damage award against it in the amount of shares of the fourteen relesed tortfeasors. These shares must be computed on a proportionate fault, as opposed to virile pro rata, basis, because Benjamin Foster's right to claim contribution was on a proportionate fault basis. Accordingly, we MODIFY Part V of our original opinion, VACATE our reversal of the district court's judgment, and AFFIRM the district court's reduction of the award against Benjamin Foster by 98%, the share of proportionate fault of the settling co-tortfeasors. The petition for rehearing is otherwise
 
 
 6
 DENIED.
 
 
 
 [1]
 Art. 1803 states, in pertinent part:
 Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligor in the amount of the portion of that obligor.
 Article 1803, as it presently exists, was enacted by the Louisiana Legislature in Act No. 331 of its 1984 Regular Session, in which the Obligations sections of the Civil Code were extensively revised. Prior to January 1, 1985, the effective date of Act 331, the substance of Art. 1803 was found in the second paragraph of Article 2203 of the 1870 Code. Art. 2203 stated:
 The remission or conventional discharge in favor of one of the co-debtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
 In the latter case, he cannot claim the debt without making a deduction of the part of him to whom he has made the remission.