Bobby FULGIUM et ux.

v.

ARMSTRONG WORLD
INDUSTRIES, INC. et al.

Richard I. JOHNSON et ux.

v.

ARMSTRONG WORLD
INDUSTRIES, INC. et al.

Civ. A. Nos. 82–2605, 85–1192.

United States District Court,
W.D. Louisiana,
Shreveport Division.

Oct. 10, 1986.

Fred Baron, Janice E. Robinson, Baron &
Bud, Dallas, Tex., for plaintiffs.

Thomas Bergstedt and Richard Perles,
Scofield, Bergstedt, Gerard, Mount & Ver-
on, Lake Charles, La., for Fibreboard
Corp., The Celotex Corp., Eagle-Picher In-
dustries, Inc., Keene Corp., Pittsburg-Corn-
ing, Owens-Illinois, Inc., Armstrong World
Industries, Inc., Owens-Corning Fiberglas
Corp., H.K. Porter Co., Inc., Union Carbide
Corp. and Carey Candian Mines, Ltd.

Maury Hicks, Hicks & Bookter, Shreve-
port, La., and Mary H. Thompson, Baton
Rouge, La., for Nicolet, Inc. (successor to
Keasbey-Mattison Corp.).

Linda S. Harang, J. Michael Johnson,
McGlinchey, Stafford, Mintz, Cellini &
Lang, New Orleans, La., for Crown Cork
and Seal Co., Inc. (successor to Mundet
Cork Co.).

## MEMORANDUM RULING

STAGG, Chief Judge.

These are product liability cases in which
the plaintiffs seek recovery for damages
allegedly caused by their exposure to as-
bestos-containing products. In addition to
the misfortune of being asbestos workers
for a number of years, these plaintiffs are
afflicted with the vice of cigarette smoking.
The defendants seek to introduce evidence
of plaintiffs' smoking habits and to have
the jury instructed on the doctrine of com-
parative negligence. The plaintiffs oppose
the introduction of the smoking evidence
and contend that the doctrine of compara-
tive fault or contributory negligence does
not apply in these product liability cases.

Louisiana did not recognize the doctrine
of comparative negligence until Civ.Code

art. 2323 was amended by the Legislature in 1979. Prior to that time, Louisiana courts borrowed a contributory negligence rule from the common law. The asbestos exposure at issue in these cases took place prior to the adoption of the comparative negligence rule now codified in art. 2323. In their briefs, the parties have not seriously addressed the issue of whether comparative negligence or the former contributory negligence standard should be applied.

This court will assume that the comparative negligence standard should be applied. This conclusion is based on two factors. First, the United States Court of Appeals for the Fifth Circuit has applied comparative fault principles to other issues in Louisiana asbestos cases. *See Martin v. American Petrofina, Inc.,* 785 F.2d 543, 545 (5th Cir.1986) (on rehearing). The *Martin* court held that the contribution of co-tortfeasors must be computed on a proportionate fault basis rather than on a pro rata basis. The *Martin* court reached this conclusion in applying art. 2103 which was amended in 1980 to reflect the introduction of comparative negligence in Louisiana. Second, the Louisiana Supreme Court has rejected contributory negligence as a complete bar to recovery in all products liability cases. *Bell v. Jet Wheel Blast,* 462 So.2d 166, 171 (La.1985).

Having determined that contributory negligence principles do not apply, the question becomes whether comparative negligence may be applied in this case under the principles announced in *Jet Wheel Blast, supra.* The determination whether comparative negligence should be applied must be made on a case-by-case basis by the court, using the following language from the *Jet Wheel Blast* opinion as guidance:

> Where the threat of a reduction in recovery will provide consumers with an incentive to use a product carefully, without exacting an inordinate sacrifice of other interests, comparative principles should be applied for the sake of accident pre-

vention. The recovery of a plaintiff who has been injured by a defective product should not be reduced, however, in those types of cases in which it does not serve realistically to promote careful product use or where it drastically reduces the manufacturer's incentive to make a safer product.

*Id.* at 171–72.

Due to the fact that the *Jet Wheel Blast* rule is founded on judicial policy-making, it is not surprising that the cases decided by the Louisiana courts in the wake of that decision provide no bright-line guidance for this court in determining whether to apply comparative negligence to these cases and whether evidence of plaintiffs' smoking habits should be introduced at trial. However, considering the policy guidelines of the Louisiana Supreme Court and the decisions of the Louisiana intermediate appellate courts since *Jet Wheel Blast,* this court concludes that comparative negligence principles should be applied in asbestos cases and that evidence of smoking habits is admissible.

There are two basic policy goals of strict products liability doctrine identified by the *Jet Wheel Blast* court:

> The basic goals of the strict products liability doctrine appear to be: (a) the reduction of the incidence of injuries by providing an incentive for manufacturers to produce safer products; (b) the placing of the burden of accident injuries caused by defective products on those who market them, to be treated as a cost of production against which liability insurance can be obtained.

*Id.* at 171. Neither goal will be frustrated by the application of comparative negligence principles. There is little risk that applying comparative negligence to these cases will decrease the manufacturer's incentive to make safer products. The current liability exposure of asbestos manufacturers is staggering in its enormity. *See Jackson v. Johns-Manville Sales Corp.,* 750 F.2d 1314, 1336–40 (5th Cir.1985)

(Clark, C.J., dissenting). "It is quite evident from the record that regardless of the degree of fault apportioned to [the defendant], be it 25% or 100%, it will have a serious financial effect on his business." *McCaskill v. Welch*, 463 So.2d 942, 947 (La.App. 3d Cir.1985).

Nor would exclusion of smoking evidence foster the goal of placing the burden of injury on the manufacturer of the defective product. Asbestos manufacturers did not market cigarettes, nor did they encourage asbestos workers to consume them. It would be inequitable to force the asbestos manufacturer to shoulder alone the cost of lung disease jointly caused by asbestos and cigarette smoking. In light of this court's ruling that cancer evidence is admissible, it is only proper to introduce evidence of plaintiff's smoking habits. "Such a rule makes it prudent for a claimant to take reasonable steps to provide for his own safety ... and would not reward him for failing to do so." *Buchanan v. Tangipahoa Parish Police Jury*, 426 So.2d 720 (La.App. 1st Cir.1983).

Application of the comparative negligence doctrine would encourage asbestos workers to use products carefully. This applies not only to their smoking habits but also to other avenues open to such workers to reduce the possibility of lung disease. *See Holmes v. State through Department of Highways*, 466 So.2d 811, 824 (La.App. 3d Cir.1985) (applying comparative negligence to strict liability claim); *Hayes v. State through Department of Transportation*, 467 So.2d 604 (La.App. 3d Cir.1985) (same); *McCaskill v. Welch, supra* (products liability claim comparative negligence applied); *LaJaunie v. Metropolitan Property and Liability Ins. Co.*, 481 So.2d 1357 (La.App. 1st Cir.1985) (comparative negligence applied to strict liability claim).

Ultrahazardous activity appears to be the only area where courts, at least in dicta, seem hesitant to apply comparative negligence principles. *See, e.g., LaJaunie*, 481 So.2d at 1362–63. Asbestos, although categorized as unreasonably dangerous per se by the Louisiana Supreme Court, does not fit within the scope of Louisiana's ultrahazardous activity doctrine. That doctrine is reserved exclusively for land-related activities. *Perkins v. F.I.E. Corp.*, 762 F.2d 1250, 1267 (5th Cir.1985) (Wisdom, J.). In fact, the Louisiana Supreme Court has shown an intention to broadly apply the *Jet Wheel Blast* doctrine and to afford the defense of comparative negligence to a wide variety of defendants. *See Turner v. New Orleans Public Service, Inc.*, 476 So.2d 800 (La.1985). In *Turner*, the Louisiana Supreme Court overturned a prior decision in which it had ruled that the former contributory negligence rule did not apply to pedestrian/motor vehicle accidents. In *Turner*, the Louisiana Supreme Court held that comparative negligence applies in such accidents notwithstanding the fact that the motor vehicle is more likely to inflict grave harm on the pedestrian. *Id.* at 804–05. *See also Finley v. North Assurance Co.*, 476 So.2d 837 (La.App. 2d Cir.1985) (*en banc*) (applying comparative negligence to voluntarily intoxicated plaintiffs' decedents).

Accordingly, this court will rule that comparative negligence is applicable to these asbestos cases and that the jury will be instructed accordingly. It is further ruled that evidence of plaintiffs' smoking habits is admissible.

An order consistent with the terms of this memorandum ruling shall issue herewith.